(No. 38610.—

SKIL CORPORATION, Appellee, *vs.* BERNARD J. KORZEN, County Treasurer, *et al.,* Appellants.

*Opinion filed January 21, 1965.—Rehearing denied March 17, 1965.*

DANIEL P. WARD, State's Attorney, of Chicago, (EDWARD J. HLADIS, THEODORE M. SWAIN, and JOSEPH V. RODDY, Assistant State's Attorneys, of counsel,) for appellants.

WINSTON, STRAWN, SMITH & PATTERSON, of Chicago, (EDWARD J. WENDROW and J. ARDEN REARICK, of counsel,) for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The primary issue in this case is whether certain property now owned by the plaintiff, Skil Corporation, was exempt from taxation during the years 1954 through 1960. The property was acquired by the County of Cook by emi-

nent domain proceedings instituted February 6, 1954, for the purpose of constructing that portion of Edens Expressway lying between Foster and Lawrence Avenues. It was owned by the County until 1960, when the County conveyed it to the plaintiff. The complaint alleged that the property was exempt from taxation during the years in question "by reason of its ownership by the County of Cook, a body politic and corporate," and prayed for an injunction restraining the defendants, the County of Cook and certain of its officials, from attempting to collect "from or out of the" property, any taxes, interest or penalties for those years. The decree of the circuit court found that the property "was exempt from taxation with respect to each of said calendar years by reason of its ownership by the County of Cook, a body politic and corporate," and issued an injunction in accordance with the prayer of the complaint. The revenue is involved, and the defendants have appealed directly to this court.

Section 3 of Article IX of the Constitution provides that "The property of the state, counties, and other municipal corporations, * * * may be exempted from taxation; but such exemption shall be only by general law." Under this authority the General Assembly has provided: "All property described in this section to the extent herein limited, shall be exempt from taxation, that is to say: * * * (9) All market houses, public squares and other public grounds owned by a municipal corporation and used exclusively for public purposes; * * *." (Ill. Rev. Stat. 1953, chap. 120, par. 500.) Amendments adopted in 1959 made no material change. (See Ill. Rev. Stat. 1963, chap. 120, par. 500.9.) The term "municipal corporation" includes counties. *Perkins* v. *Board of County Commissioners of Cook County,* 271 Ill. 449, 459.

Our decisions make it entirely clear that one who seeks to establish the tax exempt status of property under this statute has the burden of proving that the property was

used exclusively for a public purpose. "One claiming exemption from taxation has the burden to show clearly that the property is within the exemption statute. (*Turnverein 'Lincoln'* v. *Board of Appeals,* 358 Ill. 135; *Glen Oak Cemetery* v. *Board of Appeals,* 358 Ill. 48; *People ex rel. Lloyd* v. *University of Illinois,* 357 Ill. 369.) One who claims exemption of his property from general taxation has the duty to clearly establish [the] claimed exemption. *People ex rel. Gill* v. *Trustees of Schools,* 364 Ill. 131." (*City of Lawrenceville* v. *Maxwell,* 6 Ill.2d 42, 48-49.) Proof of public ownership, unless accompanied by proof of exclusive use for a public purpose, does not establish exemption. In this case it is undisputed that the County owned the property from 1954 to 1960, and it was agreed upon oral argument that the property is now used by the plaintiff as a parking lot for its employees. But there is no proof whatsoever as to the use made of the property during the years in question.

In the trial court both the complaint and the decree predicated exemption from taxation solely upon the County's ownership. In this court the plaintiff relies upon a succession of inferences to establish that the land was used exclusively for public purposes. It argues that because the property was acquired by eminent domain for highway purposes, "it must be presumed that the land was lawfully acquired in the first instance for a public highway use that exempted it from taxation. Plaintiff having proven that the land was initially acquired and held for public use, the presumption is that the County continued to hold it for such use until it conveyed the land to the plaintiff. '* * * When the existence of a person, a personal relation, or state of things is once established by proof, the law presumes that the personal relation or state of things continues to exist as before, until the contrary is shown, or until a different presumption is raised from the nature of the subject in question.' *Old Salem Chautauqua Ass'n* v. *Illi-*

*nois District Council of the Assembly of God,* 16 Ill.2d 470, 475; *Western Stone Co.* v. *Whalen,* 151 Ill. 472, 483; *New York Central R.R. Co.* v. *Lehigh Stone Co.* 220 Ill. App. 563, 566."

In other words, from the fact that the county acquired the land by eminent domain, it is first to be inferred that the land so acquired was used, at least initially, exclusively for public purposes. And from the basic fact thus inferred, the further inference is to be drawn that the land continued to be used exclusively for public purposes during all of the tax years in question. But as to the first step, evidence that land was acquired for an exempt purpose does not eliminate the need for proof of actual use for that purpose. Intention to use is not the equivalent of use. (*People ex rel. Pearsall* v. *The Catholic Bishop of Chicago,* 311 Ill. 11, 17; *Rural Agricultural School Dist.* v. *Blondell,* 251 Mich. 525, 232 N.W. 377.) And as to the second step, if the county's conveyance of the land to the plaintiff does not of itself negate the fact to be inferred, it convincingly demonstrates the weakness of the asserted inference. See McCormick on Evidence, sec. 309, 311, n. 7.

Because the plaintiff failed to meet its burden of proof, the decree must be reversed. It is therefore unnecessary to consider the County's further contention that even if the property was exempt from taxation while it was owned by the County, that exemption would not enure to the benefit of a subsequent grantee.

The decree of the circuit court of Cook County is reversed.

*Decree reversed.*