MacMurray College, Appellee, *vs.* Harold E. Wright, County Collector, Appellant.—The People *ex rel.* Leland J. Nordlund, County Collector, Appellant, *vs.* Rockford College, Appellee.

*Opinion filed Sept. 29, 1967.—Rehearing denied Nov. 27, 1967.*

CHARLES J. RYAN, State's Attorney, of Jacksonville, for appellant.

BELLATTI, FAY & BELLATTI, of Jacksonville, (WILLIAM L. FAY, of counsel,) for appellee.

CANEL & CANEL, of Chicago, (JAY A. CANEL and ERWIN I. KATZ, of counsel,) for *amicus curiae* Federation of Independent Illinois Colleges and Universities.

WILLIAM R. NASH, State's Attorney, of Rockford, (WILLIAM H. GATES, Assistant State's Attorney, of counsel,) for appellant.

WILLIAMS, McCARTHY, KINLEY & RUDY, of Rockford, (ELMER C. RUDY and KARL C. WILLIAMS, of counsel,) for appellee.

CANEL & CANEL, of Chicago, (JAY A. CANEL and ERWIN I. KATZ, of counsel,) for *amicus curiae* Federation of Independent Illinois Colleges and Universities.

Mr. JUSTICE WARD delivered the opinion of the court:

We have consolidated two appeals, both presenting the question whether certain properties used as housing for members of the faculties and staffs of the appellee colleges qualify for tax exemption.

MacMurray College, an appellee, filed a complaint in the circuit court of Morgan County seeking a judgment declaring that its faculty and staff housing facilities are exempt from taxation and an order enjoining the collection of 1965 real-estate taxes on the property. The trial court entered a decree declaring the property concerned exempt from taxation and granting the injunction. Rockford College, also an appellee, filed objections in the circuit court of Winnebago County to the county collector's application for judgment for delinquent real-estate taxes for the years 1961 to 1963, inclusive, against the college's property used as a faculty and staff housing facility. Finding the property to be tax exempt, the trial court sustained the objections and ordered a refund of all taxes which Rockford College had previously paid under protest. In each suit the basis of the court's holding was that the housing facilities were used exclusively for school purposes and were not leased or otherwise used with a view to profit by the colleges. Ill. Rev. Stat. 1965, chap. 120, par. 500.1.

The tax collectors, appellants, have proceeded directly to this court, both the revenue and the constitutionality of a statute being involved.

MacMurray College, a corporation not for profit, is a private liberal arts college located in Jacksonville, Illinois. Nine tracts of land owned by the college are in question here. Eight of the tracts are adjacent to the college's campus and are improved with frame residential dwellings. The ninth tract is approximately four blocks from the campus and is improved with a new eight-unit apartment building. All the dwellings were occupied by members of MacMurray's faculty and staff. During 1965, MacMurray had 245 faculty and staff members, 30 of whom lived in the housing facility. Rockford College, a not-for-profit corporation, is a privately endowed college in Rockford, Illinois. Concerned here are thirteen tracts of land owned by the college and improved with residential dwellings. All the tracts adjoin

the old campus of the college, save for one tract located a few blocks away. The dwellings were occupied solely by members of Rockford's faculty and administrative, clerical and maintenance staff, except for one tenant not related to the college in 1962 and two such tenants in 1963. During the period in question the college had a faculty and staff of about 144, of whom 24 at most lived in the college-provided dwellings. Neither MacMurray nor Rockford College leases the property concerned with a view to profit.

Section 3 of article IX of the Illinois constitution of 1870 provides that such "property as may be used exclusively for agricultural and horticultural societies, for school, religious, cemetery and charitable purposes may be exempted from taxation; but such exemption shall be only by general law." Legislation implementing this provision of exemption has been in effect since 1872. The predecessor to the section of the Revenue Act to be considered here was enacted in 1939 and remained in force until 1959. It exempted from taxation "all property of schools, including the real estate on which the schools are located and any other real estate used by such schools exclusively for school purposes, not leased by such schools or otherwise used with a view to profit; * * *." Ill. Rev. Stat. 1939, chap. 120, par. 500; see also Ill. Rev. Stat. 1957, chap. 120, par. 500.

In 1959 the Revenue Act was amended, section 19.1 now exempting from taxation "all property of schools, including the real estate on which the schools are located and any other real or personal property used by such schools exclusively for school purposes, not leased by such schools or otherwise used with a view to profit, *including, but not limited to, student residence halls, dormitories and other housing facilities for students and their spouses and children, and staff housing facilities* * * *." (Italics added to denote pertinent changes.) Ill. Rev. Stat. 1965, chap. 120, par. 500.1.

The appellant Nordlund contends that the 1959 amend-

ment is unconstitutional because through it the legislature sought to expand the boundaries of exemption established by the constitution. The appellees and the *amicus curiae,* however, argue that the legislature in enacting the statute permissibly declared that property used for staff housing was property used exclusively for school purposes and tax exempt.

It is fundamental that the General Assembly cannot enlarge the area of tax exemption authorized by the constitution. This court has said: "It has been long held that section 3 of article IX of the Illinois constitution of 1870 is not self-executing and requires a statute to provide the exemption. However, the statute cannot be made broader than the provisions of the constitution and no property except that mentioned in the section can be exempted by any laws passed by the legislature." *Locust Grove Cemetery Ass'n v. Rose,* 16 Ill.2d 132, 137.

The legislature need not look to the constitution of Illinois for authority to legislate but it must observe constitutional restrictions on such authority. (*Droste v. Kerner,* 34 Ill.2d 495; *Locust Grove Cemetery Ass'n v. Rose,* 16 Ill.2d 132.) Section 3 of article IX of the constitution, by designating the classes of property which may be exempted from taxation, has placed a restriction on the legislature's authority to exempt. (*Locust Grove Cemetery Ass'n v. Rose,* 16 Ill.2d 132.) To be exempted school property must be used exclusively for school purposes. The legislature could not declare school property used for staff housing *ipso facto* property used exclusively for school purposes and therefore tax exempt. It is the province of the courts, and not the legislature, to ascertain whether particular property, including property used as a school's staff housing facility, is "used exclusively for  *  *  *  school  *  *  *  purposes" within the constitutional intendment. See *People ex rel. Lloyd v. University of Illinois,* 357 Ill. 369.

It is evident that if the interpretation placed on section 19.1 of the Revenue Act by the appellees is accepted, namely, that school housing facilities, simply because they are such, are property used exclusively for school purposes, the legislature has attempted to exceed the constitutional restrictions to which it is subject. But we do not believe the appellees and the *amicus curiae* have correctly interpreted the statute. We properly presume that the legislature did not intend to exceed its constitutional limitations. We said most recently that "it is our duty to construe acts of the legislature so as to uphold their constitutionality and validity if it can reasonably be done, and, further, that if their construction is doubtful, the doubt will be resolved in favor of the validity of the law attacked." *Illinois Crime Investigating Com.* v. *Buccieri,* 36 Ill.2d 556 at 561. See also *Follett's Illinois Book and Supply Store, Inc.* v. *Isaacs, 27* Ill.2d 600.

We deem that the legislature did not intend to alter the requirement that school property, including staff housing facilities, in order to be exempted from tax must in fact be used exclusively for school purposes. The legislature when it said "including, but not limited to, student residence halls, dormitories and other housing facilities for students and their spouses and children, and staff housing facilities" was speaking descriptively and illustratively and not with a declaratory intendment. The statute does not seek to enlarge the area of constitutionally allowable exemption.

As has been stated, the colleges do not lease the facilities concerned with a view to profit.

The question next to be considered is whether the faculty and staff housing furnished was used exclusively for school purposes.

It is recognized that a school's educational processes extend beyond the classroom and laboratory. Accordingly, we have held student dormitories, dining halls, and recreation

facilities tax exempt as properly parts of the educational facilities of particular schools. (*People ex rel. Goodman* v. *University of Illinois Foundation,* 388 Ill. 363; *People ex rel. Hesterman* v. *North Central College,* 336 Ill. 263.) On the other hand though, "Statutes exempting property from taxation must be strictly construed and cannot be extended by judicial interpretation. \* \* \* In determining whether property is included within the scope of a tax exemption all facts are to be construed and all debatable questions resolved in favor of taxation. \* \* \* The burden of sustaining the right of exemption rests upon the party seeking it. He must show clearly that the specific property for which exemption is claimed is within the contemplation of the law." *Kiwanis International* v. *Lorenz,* 23 Ill.2d 141, 145, quoting *Rotary International* v. *Paschen,* 14 Ill.2d 480.

Each individual claim for tax exemption must be determined from the facts presented. (*Coyne Electrical School* v. *Paschen,* 12 Ill.2d 387; *People ex rel. Goodman* v. *University of Illinois Foundation,* 388 Ill. 363.) A party seeking tax exemption for staff housing facilities as property exclusively used for school purposes obviously must do more than merely show that the property is owned by the school and occupied by school personnel. There must be use exclusively for school purposes. However, one is not required to show that the use of the property is absolutely indispensable for carrying out the work of the institution. (*Knox College* v. *Board of Review,* 308 Ill. 160.) The primary use of the property, not its incidental uses, determines its tax exempt status. (*People ex rel. Kelly* v. *Avery Coonley School,* 12 Ill.2d 113.) Exemption will be sustained if it is established that the property is primarily used for purposes which are reasonably necessary for the accomplishment and fulfillment of the educational objectives, or efficient administration, of the particular institution.

The colleges have failed to demonstrate clearly that the faculty and staff housing was primarily used for purposes

which were reasonably necessary for the carrying out of the schools' educational purposes. The record does not show that any of the faculty or staff members of either college were required, because of their educational duties, to live in these residences, or that they were required to or did perform any of their professional duties there. Also, though both records before us contain general statements that there were associations between the concerned faculty and students outside the classroom, there was no specific proof presented, aside from one isolated example, to show that student, academic, faculty, administrative or any other type of college-connected activities were ever actually conducted at home by any member of the faculty or staff of either of the colleges.

Here, basically, the uses of the properties were residential and private. There were no uses exclusively for school purposes. In *People ex rel. Kelly* v. *Avery Coonley School,* 12 Ill.2d 113, we denied exemption to two buildings owned and used by a private school as residences for its unmarried teachers, headmistress and custodian. This court then stated: "The residential use is primary; other uses are incidental." Here, too, the residential use is primary.

Cases have been cited from other jurisdictions where property of a similar type was held to be exempt under the laws and policies of those States and the facts of the particular cases. We have considered the decisions cited, but they are not pertinent under the constitution and expressed policies of Illinois.

The trial courts erred in holding the staff housing facilities involved in these appeals to be tax exempt.

The decree of the circuit court of Morgan County and the judgment of the circuit court of Winnebago County are hereby reversed. Cause No. 40323 is remanded to the circuit court of Morgan County with directions to enter a decree declaring the said property subject to taxation and denying the request for an injunction. Cause No. 40398 is remanded

to the circuit court of Winnebago County with directions to overrule the objections and enter a judgment for taxes against the subject property.

*Reversed and remanded, with directions.*