EVANGELICAL HOSPITAL ASSOCIATION, Plaintiff-Appellee, *v.* JOHN LOTUS NOVAK, County Treasurer and Ex-Officio County Collector of Du Page County, *et al.,* Defendants-Appellants.

Second District   No. 2—83—0466

Opinion filed June 27, 1984.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Barbara A. Preiner, Assistant State's Attorney, and George J. Sotos, Special Assistant State's Attorney, of counsel), for appellants.

James A. Davids, William B. Weidenaar, and Joan E. Marcouiller, all of Ruff, Weidenaar & Reidy, Ltd., of Chicago, for appellee.

PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

John Lotus Novak, Du Page County treasurer and ex-officio collector (Du Page), appeals from a summary judgment that certain property of the Evangelical Hospital Association (EHA) is exempt from real estate taxation.

EHA is an Illinois not-for-profit corporation whose members consist of churches affiliated with the United Church of Christ; it owns and operates five hospitals in the Chicago area and is part of a corporation which operates a residential facility for senior citizens. It also owns and operates a school of nursing.

Prior to the early 1970's the principal administrative functions of EHA were performed on the premises of one of its facilities. In an

effort to centralize the location of administration to promote operating efficiency, the board of directors leased space in Oak Brook and in 1979 purchased the property which is the subject of this litigation. The single-story office building of 104,800 square feet is used exclusively by EHA as its corporate headquarters, from which it provides administrative and support services for its hospitals, school of nursing and senior citizens residence units.

On or about July 18, 1980, EHA filed an assessment complaint with one of the defendants, Du Page County board of review, seeking to have the property exempted from real estate taxation. On March 16, 1981, the Du Page County board of review denied exemption for the year 1980. The board of review found that the subject property did not provide any aspect of health care for the physical, mental or spiritual welfare of the general community, therefore that it should not be exempted from real estate taxation.

On April 20, 1981, EHA filed a complaint in chancery for a tax injunction seeking a decree that the real estate in question had been used for a purpose rendering it exempt from taxation. On May 22, 1981, while the above action was pending, EHA sent its payment of the first installment of the 1981 real estate taxes together with a letter of protest. Thereafter, on or about September 11, 1981, May 24, 1982, and August 30, 1982, EHA also sent tax installments along with protest forms. On March 22, 1982, EHA filed its first amended complaint and on September 22, 1982, filed its motion for summary judgment, and, after a hearing, the order was entered granting the motion.

In issue is whether the separation of the administrative functions from premises which otherwise would be considered exempt destroys the exemption.

The Revenue Act of 1939 exempts from taxation, "[a]ll property of institutions of public charity, all property of beneficent and charitable organizations *** when such property is actually and exclusively used for such charitable or beneficent purposes, and not leased or otherwise used with a view to profit; ***." (Ill. Rev. Stat. 1981, ch. 120, par. 500.7.) In order for property to be exempt from taxation it must (1) be owned by a charitable organization and (2) be exclusively used for charitable purposes. (*Mason District Hospital v. Tuttle* (1978), 61 Ill. App. 3d 1034, 1037.) The phrase "exclusively used" refers to the primary purpose for which the property is used, not to any secondary or incidental purpose. (*Methodist Old Peoples Home v. Korzen* (1968), 39 Ill. 2d 149, 156; see also *McKenzie v. Johnson* (1983), 98 Ill. 2d 87, 98.) The party claiming the exemption has the burden of showing that

the property clearly falls within a statutory exemption, and the exemption provisions must be strictly construed. (*Methodist Old Peoples Home v. Korzen* (1968), 39 Ill. 2d 149, 155.) Courts have no power to create an exemption by judicial interpretation. (*People ex rel. Baldwin v. Jessamine Withers Home* (1924), 312 Ill. 136, 139.) Nevertheless, the determination of whether certain property is exempt from taxation requires the consideration of the particular factual situation presented. *People ex rel. Goodman v. University of Illinois Foundation* (1944), 388 Ill. 363, 370.

In the present case Du Page is not disputing that EHA was organized as a not-for-profit charitable corporation or that the hospitals, nursing school and senior citizen's home which it owns and operates are charitable organizations. Its sole argument is that the subject property, which is used as plaintiff's administrative headquarters, is not itself actually and exclusively used for such charitable or beneficent purposes and as such is not tax exempt. EHA contends that the administrative offices and storage space of the subject property are an integral part of, and reasonably necessary for, the accomplishment and fulfillment of EHA's charitable objective, and points out that the property is used exclusively, not merely primarily, for the purpose of efficient administration of EHA. The county does not regard warehousing and administrative functions as charitable in nature but admits that if the warehousing and administrative activities were secondary uses at the other facilities they would be exempt.

I

We are not persuaded by the attempted distinction. The applicable decisions have focused on the use of the property, not on its location or proximity to other charitable or religious facilities it serves.

In *People ex rel. Hesterman v. North Central College* (1929), 336 Ill. 263, 266, the real estate in question was the property of a school located two blocks away and was devoted to dining hall and dormitory purposes. The court in upholding the tax exemption ruled that dormitories and dining halls used exclusively by students are an essential part of universities and colleges and are devoted to the purposes for which such institutions are organized. Similarly, in *Southern Illinois University Foundation v. Booker* (1981), 98 Ill. App. 3d 1062, 1074, the court found that, just as dormitories were an essential part of universities and colleges, so too were married student housing facilities necessary to the education of a married student. Consequently, the court concluded that such property should enjoy tax exempt status. Clubhouses and recreational facilities were also found to be necessary

and proper in conducting an educational institution of the character of the University of Illinois. (*People ex rel. Goodman v. University of Illinois Foundation* (1944), 388 Ill. 363, 371.) The test applied in *MacMurray College v. Wright* (1967), 38 Ill. 2d 272, 278, was whether the property was primarily used for "purposes which are *reasonably necessary* for the accomplishment and fulfillment of the educational objectives, *or efficient administration*, of the particular institution." (Emphasis added.) This test was reaffirmed in *McKenzie v. Johnson* (1983), 98 Ill. 2d 87, 99.

Defendant additionally argues that to qualify property for exemption from taxes the benefits must accrue to mankind directly and not merely as incidental benefits of a property's use. Referring to the definition of "charity" set forth by the supreme court in *Coyne Electrical School v. Paschen* (1957), 12 Ill. 2d 387, 397-98, the county notes that there is no application of the property in question for the benefit of an indefinite number of persons, nor any act performed on the property which relieves bodies from disease suffering and constraint. A similar argument was presented in *Association of American Medical Colleges v. Lorenz* (1959), 17 Ill. 2d 125. There, the defendants argued that the property in question was not used exclusively for school purposes because it was not devoted to class work and the functions performed were primarily administrative and statistical. The court rejected this argument, stating:

> "The functions to which plaintiff's property is devoted are identical to those which would afford exemption if conducted separately by the member institutions. While exemption provisions must be strictly construed, and taxation upheld if there is any doubt about the matter [citations] there can be no doubt that the plaintiff's services in improving educational standards meet the statutory test. Where the functions themselves qualify for exemption it does not matter that they are performed by a separate organization rather than by the respective member institutions. It is not the policy of the law to penalize efficiency or to favor duplication of effort. If ways of doing things have become outmoded or replaced by more efficient and realistic methods of management, the law will look to the substance, not to the mere forms." 17 Ill. 2d 125, 129.

We conclude that the Oak Brook facility of the EHA is exempt from taxation as presently used.

## II

Du Page also contends that the trial court lacked statutory au-

thority to award interest to EHA for taxes paid under protest for the 1980 tax year, claiming that interest earned on protest funds invested inure to the benefit of the county corporate fund.

The position of the county would be supported by a fair reading of sections 194, 192a and 235 of the Revenue Act of 1939. (Ill. Rev. Stat. 1979, ch. 120, pars. 675, 673a, 716.) However, by an amendment effective January 1, 1982, section 194 now provides:

"Such amounts paid under protest and withheld from distribution shall be deposited by the collector in interest bearing accounts. *If the final order of a court on the protest results in a payment to the taxpayer of all or a part of the taxes paid under protest and withheld, all or a proportional share of such interest earned during the pendency of the protest by the amount repaid to the taxpayer shall also be paid to the taxpayer.* If the final order of a court on the protest results in a payment to the taxing districts of all or a part of the taxes paid under protest and withheld, the interest earned during the pendency of the protest by such taxes paid to the taxing districts shall be paid into the county treasury." (Emphasis added.) Ill. Rev. Stat. 1981, ch. 120, par. 675.

EHA's payments under protest were made in 1981, prior to the effective date of the amendment. We therefore conclude that the trial court erred in awarding interest to the taxpayer for payments made in 1981 for the 1980 tax year. Interest, however, was correctly awarded to the taxpayer for the protest made in 1982 for the 1981 tax year. *In re Application of Anderson* (1984), 123 Ill. App. 3d 507, 513-14.

We reject EHA's further argument that the trial court, under its power to do equity, is not bound by the statute and can properly award interest on all of the EHA's refunded taxes. It has long been held that any power existing in a court of equity may not dispense with the plain requirements of a statute. *Stone v. Gardner* (1858), 20 Ill. 304, 309; see also, *First Federal Savings & Loan Association v. Walker* (1982), 91 Ill. 2d 218, 226-27; *Evergreen Savings & Loan Association v. Barnard* (1978), 65 Ill. App. 3d 492, 497.

That portion of the trial court's order which awarded interest for the 1980 real estate taxes is reversed. In all other respects the judgment of the circuit court of Du Page County is affirmed.

Affirmed in part, reversed in part.

LINDBERG and HOPF, JJ., concur.