NORTHWESTERN MEMORIAL FOUNDATION, Appellee, v. J. THOMAS JOHNSON, Director of Revenue, *et al.*, Appellants.

First District (4th Division)   No. 85—0050

Opinion filed February 27, 1986.

Neil F. Hartigan, Attorney General, of Springfield (Jill Wine-Banks, Solicitor General, and Candida Miranda, Assistant Attorney General, of Chicago, of counsel), for appellants.

Flanagan, Bilton & Brannigan, of Chicago (Thomas E. Brannigan, of counsel), for appellee.

JUSTICE JIGANTI delivered the opinion of the court:

This is an appeal by the defendants, J. Thomas Johnson and the Illinois Department of Revenue (Department), from a judgment of the circuit court of Cook County reversing the Department's decision that the plaintiff, Northwestern Memorial Foundation (Northwestern), was ineligible to receive a property tax exemption for a parcel of land which Northwestern had developed into an employee parking lot.

Northwestern is a not-for-profit Illinois corporation founded in part to promote the interests and purposes of Northwestern Memorial Hospital, a tax-exempt affiliate. On April 5, 1982, Northwestern purchased a parcel of property located at 441 East Ontario Street in Chicago and immediately began developing it into a parking lot for use by its employees. An existing structure on the premises was demolished, and the site was improved and developed into a parking lot located approximately four to six blocks from the hospital complex. In January of 1983 the lot was opened. At that time it provided 64 spaces, with 10 more to be added the following June. Employees are charged $45 per month to use the facility. Northwestern states that these revenues are used to offset the expenses of operating the lot.

Northwestern filed a petition with the board of appeals of Cook County requesting that this property be found exempt from taxation

of April 5, 1982. The claim was made under section 19.16 of the Revenue Act of 1939 (Act) (Ill. Rev. Stat. 1983, ch. 120, par. 500.16). The board of appeals approved the exemption in June of 1983, and pursuant to section 119 of the Act (Ill. Rev. Stat. 1983, ch. 120, par. 600), the matter was transmitted to the Department for review. On October 13, 1983, the Department denied Northwestern's application for an exemption finding that the property was not in actual use in 1982 for an exempted purpose.

Northwestern requested a further review of this decision by the Department and provided information from the vice-president and general counsel of Northwestern regarding the development and current use of the property, along with a copy of the certification showing tax exemptions on two of the major hospital buildings in the complex. However, the Department again denied the exemption, this time finding that the primary use of the property was not charitable. Northwestern then filed a complaint for administrative review of the Department's decision in the circuit court of Cook County. The trial court reversed the decision of the Department and found that Northwestern was entitled to an exemption from April 30, 1982, to the end of the year. Specifically, the court reversed the Department's first decision that the property was not actually used for an exempted purpose in 1982 and the Department's second decision that the use of the property was not charitable. The Department now appeals.

■ On appeal the Department does not contest the trial court's decision that the preparation and development of the property as a parking lot constitutes actual use for an exempted purpose within the meaning of the Act. The Department does contend, however, that Northwestern is not entitled to a tax exemption because Northwestern has failed to show that the parking lot was reasonably necessary to fulfill the charitable purposes of Northwestern. In response, Northwestern argues that the issue of whether the parking lot was reasonably necessary to fulfill the charitable purposes is waived and should not be considered by this court because the Department did not raise this issue in the proceedings below. We believe, however, that the issue is not waived. The manner in which the Department now characterizes the issue on appeal is merely a variant of the question of whether the primary use of the property is charitable. (See *MacMurray College v. Wright* (1967), 38 Ill. 2d 272, 230 N.E.2d 846.) Accordingly, this court's role is to determine whether the trial court properly found that the property in question was entitled to tax-exempt status.

Northwestern's claim of exemption is governed by sections 19.7 and 19.16 of the Act. (Ill. Rev. Stat. 1983, ch. 120, pars. 500.7,

500.16.) Section 19.7 exempts from taxation "[a]ll property of institutions of public charity, or property of beneficent and charitable organizations *** when such property is actually and exclusively used for such charitable or beneficent purposes, and not leased or otherwise used with a view to profit ***." Section 19.16 extends the exemption to "[p]arking areas, not leased or used for profit, when used as a part of a use for which an exemption is provided hereinbefore owned by any ***, non-profit hospital or *** charitable institution which meets the qualifications for exemption."

■ Statutes allowing tax exemptions are to be strictly construed, and the burden is on the party claiming the exemption to show that the property falls within the statutory exemption. (*Rotary International v. Paschen* (1958), 14 Ill. 2d 480, 486-87, 153 N.E.2d 4.) In order to qualify for the tax exemption on charitable grounds, it must be shown that the property is owned by a charitable organization and exclusively used for charitable purposes. (*Mason District Hospital v. Tuttle* (1978), 61 Ill. App. 3d 1034, 1037, 378 N.E.2d 753.) The phrase "exclusively used" refers to the primary purpose for which the property is used and not a secondary or incidental purpose. *Methodist Old Peoples Home v. Korzen* (1968), 39 Ill. 2d 149, 157, 233 N.E.2d 537.

The Department contends that the subject property is not entitled to a tax exemption because it fails to meet the standard set forth in *MacMurray College v. Wright* (1967), 38 Ill. 2d 272, 230 N.E.2d 846. In *MacMurray* the supreme court stated that an:

"Exemption will be sustained if it is established that the property is primarily used for purposes which are reasonably necessary for the accomplishment and fulfillment of the educational objectives, or efficient administration, of the particular institution." *MacMurray College v. Wright* (1967), 38 Ill. 2d 272, 278, 230 N.E.2d 846; see also *McKenzie v. Johnson* (1983), 98 Ill. 2d 87, 99, 456 N.E.2d 73.

The Department maintains that Northwestern did not introduce any evidence that the parking lot was reasonably necessary to fulfill the charitable purposes of Northwestern. It asserts that Northwestern is required to prove a nexus between the parking lot and the charitable purposes of the hospital, and must do more than merely show that the lot was built and is now used for the employees of the hospital. Northwestern responds that the evidence shows that the property was developed into a parking lot for the use of its employees, and from such action it can be inferred that the parking lot was reasonably necessary for the efficient administration of the hospital. In this regard Northwestern requests this court to take judicial notice of the

highly congested area in which the hospital complex is located and the difficulty and expense of parking in that area. The Department counters that an inference is insufficient to establish Northwestern's case, and that since Northwestern has not previously presented evidence regarding the parking conditions of the area, judicial notice may not be extended to permit its introduction on appeal.

■■ ■ After reviewing the record before us we are satisfied that the trial court was correct in deciding that the subject property is entitled to an exemption under the Act. The evidence shows that the property was purchased for development into a parking lot for use by employees of Northwestern, a tax-exempt not-for-profit institution. Construction began immediately to accomplish this purpose, and the lot has been used exclusively in this manner since its completion in January of 1983. Although a monthly fee of $45 is charged to the employees, Northwestern has stated that this charge is used to defray the costs of maintaining the lot. More importantly, there is no evidence that the parking lot is being leased or used for profit. Additionally, notwithstanding the fact that Northwestern did operate for many years without this parking lot, to qualify for a tax exemption, the use of the property need not be absolutely indispensable for carrying out the purposes of the hospital. (*MacMurray College v. Wright* (1967), 38 Ill. 2d 272, 278, 230 N.E.2d 846.) Moreover, this court takes judicial notice of the fact that the hospital complex is located in a densely populated urban area which necessitates the need for adequate employee parking. (McCormick, Evidence sec. 330, at 763 (2d ed. 1981).) Hence, we believe that Northwestern's use of this property is primarily for purposes reasonably necessary to accomplish the efficient administration of the hospital within the spirit and letter of the Act. See *Evangelical Hospital Association v. Novak* (1984), 125 Ill. App. 3d 439, 465 N.E.2d 986.

As the supreme court of Maine noted in the case analogous to the one under consideration:

> "The effective operation of the Maine Medical Center was enhanced by providing employees, staff, patients and visitors with parking facilities adjacent to the hospital. We would be completely naive if we ignored the practical operational problems of a large medical center absent adequate areas for vehicular parking.
>
> * * *
>
> We have no hesitancy in holding that where the utilization of property is reasonably incident to the major purpose for which a benevolent and charitable institution is incorporated, and

such utilization is not oriented toward pecuniary profit but, rather, toward providing necessary services and facilities, such property under Maine law is exempt from taxation." *Maine Medical Center v. Lucci* (Me. 1974), 317 A.2d 1, 2-3.

For the foregoing reasons, we believe that Northwestern has sustained its burden of showing that the property in question is entitled to a tax exemption as a parking lot used as part of a charitable institution. Accordingly, we affirm the judgment of the circuit court of Cook County.

Affirmed.

LINN, P.J., and McMORROW, J., concur.