MORTON TEMPLE ASSOCIATION, INC., Plaintiff-Appellee, v. THE DE-
PARTMENT OF REVENUE *et al.*, Defendants-Appellants.

Third District   No. 3—86—0616

Opinion filed July 28, 1987.—Rehearing denied August 28, 1987.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones
Stewart, Solicitor General, and Edward M. Kay, Assistant Attorney Gen-
eral, of Chicago, of counsel), for appellants.

William L. Turner, of Shelbyville, Thomas Krieg, of Morton, and
Thomas E. Brannigan, of Chicago, for appellee.

JUSTICE STOUDER delivered the opinion of the court:
This appeal concerns the determination of defendant Illinois De-

partment of Revenue (Department) denying plaintiff, Morton Temple Association, a charitable exemption from real property taxes for the 1982 tax year. Plaintiff is a not-for-profit corporation which was organized under Illinois law in 1958.

Pursuant to section 19.7 of the Illinois Revenue Code (Ill. Rev. Stat. 1981, ch. 120, par. 500.7), the plaintiff applied to the Tazewell County review board for an exemption from taxation for its real property. The plaintiff's property is a building which is used for a number of activities conducted by the plaintiffs and other organizations. The board of appeals granted plaintiff its requested exemption. The board's decision was reviewed and reversed by the Department in its initial notice. Upon reversing the board's decision, the Department stated that the plaintiff failed to show that they are a charitable organization or that the use of the property is exclusively charitable. The plaintiff then requested a formal hearing. Upon reviewing the evidence, the hearing officer found that the plaintiff was not organized to devote its property for charitable purposes and that the property was not used for charitable purposes during 1982. The hearing officer recommended that the plaintiff's property remain on the tax rolls for the 1982 calendar year. The plaintiff filed a complaint for administrative review. The circuit court reversed the Department's decision and ruled that plaintiff's property was exempt from property tax for 1982. The Department has appealed.

On appeal, the Department contends that the plaintiff failed to prove that it was entitled to a charitable tax exemption. Specifically, the Department argues that plaintiff is not a charitable organization and does not use the property in question exclusively for charitable purposes.

■ The Revenue Act exempts from taxation "[a]ll property of institutions of public charity, [and] all property of beneficent and charitable organizations *** when such property is actually and exclusively used for such charitable or beneficent purposes, and not leased or otherwise used with a view to profit." (Ill. Rev. Stat. 1981, ch. 120, par. 500.7.) In order for property to be exempt from taxation it must (1) be owned by a charitable organization, and (2) be exclusively used for charitable purposes. *Mason District Hospital v. Tuttle* (1978), 61 Ill. App. 3d 1034, 378 N.E.2d 753.

■ The first step in determining whether an organization is charitable is to consider the provisions of its charter. (*Rotary International v. Paschen* (1958), 14 Ill. 2d 480, 153 N.E.2d 4.) In the instant case the plaintiff's charter, which was amended in 1982, sets forth the purpose of the corporation. The charter states that the plaintiff is or-

ganized exclusively to promote and conduct charitable activities. The plaintiff's former charter stated that the purpose for which the plaintiff was organized was to promote the general welfare of all members of the Morton Lodge No. 352 and other Masonic bodies. This charter had been in effect since 1958. Standing alone the plaintiff's current charter would be sufficient to establish a charitable organization. However, statements of the agents of an institution and the wording of its governing legal documents evidencing an intention to use its property exclusively for charitable purposes do not relieve such an institution of the burden of proving that its property actually and factually is so used. (*Methodist Old Peoples Home v. Korzen* (1968), 39 Ill. 2d 149, 233 N.E.2d 537; *Skil Corporation v. Korzen* (1965), 32 Ill. 2d 249, 204 N.E.2d 738.) Thus, it is necessary to analyze the activities of the plaintiff in order to determine whether it is a charitable organization as it purports to be in its charter. The plaintiff's property is principally used by the Morton Masonic Lodge and the Chapter of the Eastern Star; both organizations are Masonic in nature. Once a month and 14 special times during the year the property is used as a meeting place for the Morton Masonic Lodge (Lodge). The Lodge is the leading contributor to the plaintiff. The Lodge's dues are $22 per year per member. Of that amount $17 was allocated for the maintenance of the building and to pay expenses. No specific amount is allocated to charity. In 1982 the Lodge began to distribute food baskets to charity. A list of 18 needy families was provided; however, only 10 food baskets were distributed. During the 1982-83 fiscal year the Lodge had a total of $11,292.36 in various savings and checking accounts. Of this amount, $276 was spent on general charity, $315 for Christmas food baskets and $602.36 for miscellaneous charity. Part of this amount includes a mandatory charity assessment by the Grand Lodge. During this period the Lodge spent $744.97 on refreshments for its members.

The plaintiff's income and expense statement for 1982 shows the plaintiff's income to be $10,455.80, with expenses at $8,640.50. The figures do not indicate any amount being distributed for charitable projects. In addition, the record does not indicate that any charitable group or organization outside of the Masonic organizations used the property during 1982. Incidental acts of charity by an organization will not be enough to establish that organization as charitable. The use of its property must be exclusively for charitable purposes. (*Cook County Masonic Temple Association v. Department of Revenue* (1982), 104 Ill. App. 3d 658, 432 N.E.2d 1240.) Examining the record we find that the plaintiff's primary purpose is to own the property and maintain the building for the use of Masonic Lodge No. 352 and the chap-

ter of the order of the Eastern Star. Because of the view we take with regard to the first part of the *Mason* test, set forth above, it is unnecessary to discuss whether the plaintiff's property was exclusively used for charitable purposes. However, based on the foregoing activities, it can be inferred that the plaintiff's property is primarily used by and for the benefit of the members of the Masonic Lodge No. 352 and the Chapter of the Order of the Eastern Star.

■ The plaintiff argues that this case is identical to *Cook County Masonic Temple Association v. Department of Revenue* (1982), 104 Ill. App. 3d 658, 432 N.E.2d 1240. That case held that the temples were primarily used to raise funds for charitable activities, all other uses being incidental. The plaintiff's argument is incorrect. Each temple is used for the periodic meetings of the individual organization that owns it. Thus, the determination of whether certain property is exempt from taxation requires the consideration of the particular factual situation presented. (*Evangelical Hospital Association v. Novak* (1984), 125 Ill. App. 3d 439, 465 N.E.2d 986.) The activities of the plaintiffs do not conform with the declarations of its charter. Thus, we conclude that the plaintiff is not a charitable organization and should not be exempt from paying property taxes in 1982.

For the foregoing reasons, the judgment of the circuit court of Tazewell County is reversed and the cause is remanded with directions to reinstate the Department of Revenue's order.

Reversed and remanded.

SCOTT, J., concurs.

JUSTICE WOMBACHER, dissenting:

I respectfully dissent from the opinion filed by my brethren. I do so because I believe the case is identical to *Cook County Masonic Temple Association v. Department of Revenue* (1982), 104 Ill. App. 3d 658, 432 N.E.2d 1240. In this case the amended articles of incorporation are essentially the same as those of the Cook County Masonic Temple Association, and therefore the decision of the Illinois Appellate Court provides a sound basis for the doctrine of *stare decisis*.

The court in *Cook County Masonic Temple Association* stated:

"The parties agree that the properties in question were owned by charitable organizations within the meaning of the statute. The charter of each Masonic organization states that its primary purpose and activity is to do charitable works.

The dispute in this case involves whether the temples were

used exclusively for charitable purposes. 'Exclusively used' has been held to mean that the primary use of the property must be charitable. Though the property has other incidental uses, it will still qualify for the exemption as long as those uses are not for profitable purposes. *People ex rel. Nordlund v. Association of the Winnebago Home for the Aged* (1968), 40 Ill. 2d 91, 237 N.E.2d 533.

The Department argues that the primary use of the temples was to provide a meeting place for the Masons to carry on the ideals and morals of Masonry, which is not a charitable purpose. Plaintiffs argue that the temples were primarily used to raise funds for the Masons' charitable activities, and all other uses were incidental. We agree with the Masons." *Cook County Masonic Temple Association v. Department of Revenue* (1982), 104 Ill. App. 3d 658, 660-61; 432 N.E.2d 1240, 1242-43.

So do I.