ILLINOIS CONFERENCE OF THE UNITED CHURCH OF CHRIST, Plaintiff-Appellee, v. THE DEPARTMENT OF REVENUE, Defendant-Appellant.

Third District   No. 3—87—0040

Opinion filed January 8, 1988.

Neil F. Hartigan, Attorney General, of Springfield (Shawn W. Denney, Solicitor General, and Bret A. Rappaport, Assistant Attorney General, of Chicago, of counsel), for appellant.

David J. Fischer, Michael J. Gallagher, and Ruolf G. Schade, Jr., all of Cassiday, Schade & Gloor, of Chicago (Deborah G. Parker, of counsel), for appellee.

JUSTICE SCOTT delivered the opinion of the court:

The plaintiff, Illinois Conference of the United Church of Christ, serves as a corporate entity which binds together approximately 330 congregations in the State of Illinois which are members of the United Church of Christ.

The Conference operates an outdoor ministry known as Pilgrim Park on real estate it owns in Bureau County. A "Statement of Purpose" promulgated by the Conference provides an adequate guide as to the activities and programs which occur at the Bureau County ministry. A portion of the statement which is pertinent to this case provides as follows:

"We are seeking to provide a unique setting outdoors for individuals and groups to experience and live out the biblical faith, and to experience a place for recreation and reflection. We might have that by gathering together a diverse variety of persons from beyond the local church. An outdoor ministry setting will enable the growth of the whole church. Outdoor ministry exists to enable and help complete the many ministries of the whole church through the individuals of all ages, especially the outdoor ministry programs that the Illinois Conference seeks."

After an administrative hearing the defendant, Illinois Department of Revenue, denied tax-exemption status on two parcels of real estate within the Pilgrim Park complex. On appeal the circuit court of Bureau County reversed the ruling of the Department of Revenue and granted a motion of the plaintiff Conference for a stay of all taxes concerning the subject parcels.

This appeal is concerned with only a single parcel identified as parcel 010, consisting of 1.6 acres. The defendant Department of Revenue conceded that the other parcel, 007, involved in the case had been improperly denied tax-exempt status by the hearing officer. This small tract of real estate is used as a residence for the caretaker and his wife and the grazing of horses, and religious services are conducted on the parcel.

The defendant Department of Revenue in this appeal seeks a reversal of the circuit court's order granting tax exemption on the grounds that there was insufficient evidence to prove that the primary purpose and use of the parcel was religious rather than residential and recreational.

Our State constitution provides that the legislature may exempt from taxation property used for religious purposes. Ill. Const. 1970, art. IX, §6.

Pursuant to this constitutional authority, our legislature enacted the following legislation:

"Sec. 19.2. All property used exclusively for religious purposes, or used exclusively for school and religious purposes, or for orphanages and not leased or otherwise used with a view to profit, including all such property owned by churches or religious institutions or denominations and used in conjunction therewith as parsonages or other housing facilities provided for ministers (including bishops, district superintendents and similar church officials whose ministerial duties are not limited to a single congregation), their spouses, children and domestic employees, performing the duties of their vocation as ministers at

such churches or religious institutions or for such religious denominations, and including the convents and monasteries where persons engaged in religious activities reside." Ill. Rev. Stat. 1983, ch. 120, par. 500.2.

■■ The foregoing statutory language allows an exemption for property used exclusively for religious purposes. (*McKenzie v. Johnson* (1983), 98 Ill. 2d 87, 456 N.E.2d 73.) The opinion in *McKenzie* further states:

> "This court has long held that property satisfies the exclusive-use requirement of the property tax exemption statutes if it is *primarily* used for the exempted purpose; 'if property is devoted, in a primary sense, to a religious purpose, the fact that it is incidentally used for secular purposes will not destroy the exemption \*\*\*.' (*First Congregational Church v. Board of Review* (1912), 254 Ill. 220, 224, 98 N.E. 275.)" *McKenzie v. Johnson* (1983), 98 Ill. 2d 87, 98, 456 N.E.2d 73, 78.

■ The pivotal question to be determined in this appeal is what is the *primary* purpose of the property involved. In addressing this question we examine the unrebutted testimony of William Bourdon, director of Pilgrim Park. It was Bourdon's testimony that a portion of the 1.6-acre tract in question was used as a residence for the camp caretaker and his wife; however, despite this use the parcel was used regularly for the same types of religious activities ongoing throughout the entire park. The parcel was used for morning spiritual meditations, for evening vesper services and was one of the sites of the 1983 Fall Women's Religious Retreat.

In regard to the use of the parcel, director Bourdon testified as follows:

> "Q. Would it be fair to say that all of the parcels of land that you described before—including these two that are subject—are used for all of these programs that are run by the Conference?
>
> A. Yes.
>
> Q. And that's how it was set up in 1983?
>
> A. Very much so.
>
> Q. Would it be fair to say that the programs are geared toward letting people have freedom to go where they want to go and do what they want to do, especially as it relates to contemplation and retreat variety, and that the Conference does not force people to go to one area versus another in the camp?
>
> A. Being an outdoor ministry facility, the intent is to be involved with the outdoors and to use the total property.
>
> Q. Is the total property used for all the programs?

A. Yes.

Q. And it was in 1983?

A. Yes."

The foregoing testimony establishes that the informal religious programs held at Pilgrim Park were not constrained to one parcel but that religious activities were carried on throughout the Park. The parcel involved in this appeal is small; however, it was utilized for religious purposes in the manner and extent as was a much larger tract which the defendant Department of Revenue conceded was entitled to a tax-exempt status.

The defendant Department of Revenue argues that the caretaker's residence on the 1.6-acre tract transforms the use of the tract from predominantly religious use to a residential use. The defendant Department of Revenue relies strongly on two recent cases in support of its argument that the parcel in question does not qualify for a tax-exemption status. The cases are *Benedictine Sisters of the Sacred Heart v. Department of Revenue* (1987), 155 Ill. App. 3d 325, and *Lutheran Child & Family Services v. Department of Revenue* (1987), 160 Ill. App. 3d 420, 513 N.E.2d 587.

In both of the above-cited cases the reviewing court interpreted and applied the "primary-use test" as enunciated by our supreme court in *MacMurray College v. Wright* (1967), 38 Ill. 2d 272, 230 N.E.2d 846, and *McKenzie v. Johnson* (1983), 98 Ill. 2d 87, 456 N.E.2d 73. The *Benedictine* case involved three caretakers' residences on a parcel of real estate adjacent to a convent. In the *Lutheran Child & Family Services* case two buildings owned by the nonprofit corporation which was providing residential care and assistance to children with emotional and/or behavioral problems were the subject of the tax dispute. One building was used exclusively as a residence for a maintenance man and the other building was occupied by staff members whose services were not needed other than during their normal shifts.

In both cases the review court found that the property in question did not meet the "primary-use test" and therefore was not entitled to a tax-exempt status. While the cases at first blush appear to be very similar to the instant case, an examination dictates an opposite conclusion. In both the *Benedictine* case and the *Lutheran* case the properties involved were not used for any other purpose than residential use. In the instant case the 1.6-acre parcel is subject to consistent and considerable religious use and programming.

The defendant Department of Revenue also cites in support of its position a number of cases from foreign jurisdictions. They have little

merit since they are predicated upon statutory authority which is far more restrictive than the statutory authority in our State.

An examination of the record and applicable law compels a finding in the instant case that the decision of the circuit court was proper when it concluded that the decision of the defendant Department of Revenue denying parcel 010 tax-exempt status was against the manifest weight of the evidence.

For the reasons set forth the judgment of the circuit court of Bureau County is affirmed.

Affirmed.

HEIPLE and STOUDER, JJ., concur.