[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JANUARY 3, 1996
The plaintiff, Everne B. Spiegel, filed this appeal from the CT Page 1066 decision of the defendant, Commissioner of Revenue Services, imposing a use tax, interest and penalty on a Mercedes Benz automobile the plaintiff purchased in Connecticut. The plaintiff claims that she purchased the car for her exclusive use in Florida, and paid the sales tax on the car to the state of Florida.
General Statutes §§ 12-407, 12-408 and 12-411 impose a sales or use tax on a motor vehicle purchased in Connecticut for use in Connecticut. However, General Statutes § 12-412
provides certain exemptions with regard to the imposition of the sales and use tax. Section 12-412(25)[1] provides that where a motor vehicle is sold in Connecticut but intended to be exclusively used and stored outside of Connecticut, no sales or use tax is imposed. The Commissioner argues that any use of the vehicle between the time of purchase and the time that the vehicle leaves the state of Connecticut for the state of Florida would defeat the express wording of § 12-412(25).
The issue we must decide in this case is whether the term "exclusively for . . . use . . . outside this state . . ." means that any use in the state of Connecticut, however slight, qualifies the transaction for the imposition of the sales or use tax.
The parties stipulated to the following facts: On October 8, 1991, the plaintiff and her husband were domiciled in Florida. At that same time the plaintiff and her husband maintained a home in Florida, as their permanent residence, they also own a condominium in Connecticut. The plaintiff and her husband owned two motor vehicles registered in Connecticut for use in Connecticut. On October 8, 1991, the plaintiff purchased a 1991 Mercedes Benz 560 SEL for $62,600 from a Connecticut automobile dealer in Greenwich, Connecticut. The Mercedes was purchased by the plaintiff for use in Florida. The Connecticut Mercedes dealer arranged for the registration in Florida by collecting the sales tax from the plaintiff and forwarding it to the tax collector for the state of Florida. The vehicle was registered with the state of Florida on or about October 24, 1991. The Florida sales tax, paid by the plaintiff, amounted to 6% of the purchase price of the Mercedes, which was equal to Connecticut's sales and use tax at that time. At the time of purchase, the plaintiff executed an affidavit for the Connecticut Department of Revenue Services reciting that the Mercedes would be used exclusively outside the state of Connecticut and that it was not the plaintiff's CT Page 1067 intention to use the Mercedes in Connecticut. See Regs., Conn. State Agencies § 12-426-16a. The Mercedes remained at the Connecticut dealer until November 1, 1991, when possession was transferred to the plaintiff. Minor use was made of the Mercedes in Connecticut, consisting of driving the vehicle from the dealer's location to the condominium in Stamford, Connecticut on November 1, 1991, and driving the vehicle from Connecticut to Florida on November 20, 1991.
The plaintiff and her husband returned from Florida the following year driving the Mercedes from Florida to Connecticut in May of 1992. The Mercedes had been used in the state of Florida since November 20, 1991. The plaintiff and her husband lived in the Stamford condominium from May of 1992 until mid-October 1992. The Mercedes was garaged in Connecticut during this period of time. During the period of May through October of 1992, the plaintiff and her husband mostly used their two other vehicles registered in Connecticut and only occasionally used the Mercedes in Connecticut. The Mercedes was sold in Florida in February of 1993.
On January 4, 1993, the Commissioner assessed the plaintiff with a use tax, penalty and interest in connection with the purchase of the Mercedes. The Commissioner also denied plaintiffs request for credit of the sales tax paid to the state of Florida.
The critical time for determining whether the plaintiffs motor vehicle was subject to a sales and use tax is the time of purchase. At the time the plaintiff purchased the motor vehicle, a sales tax payable to the state of Connecticut would have been due pursuant to §§ 12-407, 12-408 and 12-411. If, however, the plaintiff purchased the vehicle for use in Florida rather than in Connecticut, § 12-412(25) allows the state of Florida to receive the sales and use tax on the plaintiffs motor vehicle rather than the state of Connecticut. The resolution of the issue in this case depends upon whether "exclusive," as used in § 12-412(25) means to the exclusion of any other use or whether exclusive means that the primary purpose for using the vehicle controls.
The plaintiff relies on cases dealing with charitable uses in defining the term "exclusive." The cases cited by plaintiff hold that the term "exclusive" refers to the primary purpose for which the property is used rather than the secondary or incidental purpose. See Northwestern Memorial Foundation v. Johnson,
CT Page 1068141 Ill. App.3d 309, 95 Ill. Dec. 688, 490 N.E.2d 161, 163 (1986);Evangelical Hosp. Ass'n. v. Novak, 125 Ill. App.3d 439,80 Ill. Dec. 640, 465 N.E.2d 986, 987-88 (1984); Missouri United MethodistRetirement Homes v. State Tax Commission, 522 S.W.2d 745, 751
(Mo. 1975). Indeed, our own Supreme Court has stated that an incidental use of property will not defeat the legislative use of the term "exclusive." Loomis Institute v. Windsor, 234 Conn. 169,177, A.2d (1995). Whether property is used exclusively for the purpose intended is a question of fact to be decided in each case. Id See Stetson v. Sullivan, 152 Conn. 649, 653,211 A.2d 685 (1965).
We are faced with a statute that allows a person to purchase a motor vehicle in Connecticut although intended to be used exclusively outside of Connecticut. Unless § 12-412(25) authorized some way of transporting the vehicle purchased in Connecticut to be delivered outside of Connecticut without driving the vehicle on Connecticut highways, we fail to see the Commissioner's argument that an incidental use made in this case destroys the exclusive use outside of this state.
The plaintiff and her husband owned two vehicles in Connecticut for their use in Connecticut. The Connecticut sales tax had been paid for these vehicles. The Mercedes was driven from the Connecticut dealer to the plaintiffs condominium and, from there, to Florida. The facts in this case do not take away from the representation made by the plaintiff that the Mercedes was purchased in Connecticut for her exclusive use outside of Connecticut. We find that the plaintiff did not make any use of her Mercedes that would have subjected her to the Connecticut sales and use tax on the purchase of this vehicle.
A point raised by the Commissioner is that § 12-412(25) is a tax exemption statute and that the rule of construction is that "provisions granting a tax exemption are to be construed strictly against the party claiming the exemption." LoomisInstitute v. Windsor, supra, 234 Conn. 176. We view § 12-412(25) not as a tax exemption, but rather a statement of nontaxability. See id. The reasoning in Loomis in construing § 12-81 "Exemptions" is also applicable to the construction of § 12-412 "Exemptions"in the present case. Under these circumstances, the plaintiff would "not come within the rule that tax exemption statutes must be construed strictly against the taxpayer." Id. CT Page 1069
The plaintiff's brief notes that the Audit Division, Sales Tax Compliance Subdivision, Sales Tax Office Audit Unit of the Department of Revenue Services notified the plaintiff that if her Mercedes was brought back to Connecticut under her ownership, the original exemption would be voided and a Connecticut use tax would be due.
In order for the plaintiff to be subjected to the use tax, as claimed by the Audit Division, three conditions must be fulfilled: 1) there must be a purchase of the vehicle, 2) the purchase must have been made for the purpose of use, storage or other consumption in Connecticut, and 3) there must have been such use, storage or other consumption in Connecticut. Stetson v.Sullivan, supra. 152 Conn. 653.
Since we have previously found that the intent of the plaintiff was not to use the Mercedes in Connecticut, the brief return of the vehicle to Connecticut without such intent does not void the original exception from the imposition of a sales or use tax pursuant to § 12-412(25).
Accordingly, the plaintiffs appeal is sustained. Judgment may enter in favor of the plaintiff without costs.
ARONSON, J.