(No. 14909.—Judgment affirmed.)

THE PEOPLE *ex rel.* Roy W. Bracher, County Collector,
Appellant, *vs.* THE SALVATION ARMY, Appellee.

*Opinion filed December 19, 1922.*

1. TAXES—*the constitution does not, of itself, exempt property
from taxation.* The constitution does not, of itself, exempt any
property from taxation, but it permits the legislature to exempt by
general law such property as is specified in the constitution.

2. SAME—*property used exclusively for religious purposes is
exempt, regardless of ownership.* Under section 2 of the Revenue
law, as amended in 1909, all property used exclusively for religious
purposes and not leased or otherwise used with a view to profit is
exempt from taxation, and it is not a condition of such exemption
that the party claiming the exemption be the owner of the property.

3. SAME—*when property used by Salvation Army is exempt.*
Property in possession of the Salvation Army under a contract
of purchase is exempt from taxation where it is used exclusively
for religious purposes and not leased or otherwise used for profit,
even though the legal title is in an individual and the contract re-
quires the purchaser to pay subsequent taxes.

APPEAL from the County Court of Lake county; the
Hon. PERRY L. PERSONS, Judge, presiding.

ASHBEL V. SMITH, State's Attorney, and SIDNEY H.
BLOCK, for appellant.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the
court:

On the application of the county collector of Lake
county for judgment, with order of sale of lot 1 and part
of lot 2 in block 26 of the original town of Little Fort, in
the city of Waukegan, returned delinquent for $428.19 gen-
eral taxes for the year 1921, the Salvation Army appeared
and objected on the ground that the premises were used ex-
clusively for religious purposes and not leased or otherwise
used with a view to profit, and were therefore exempt from
taxation. The court sustained the objection and the col-
lector appealed.

There is no appearance in this court for the Salvation Army. The argument of the State's attorney that the judgment was wrong is based on the fact that the Salvation Army was not the owner of the property, and the legal proposition that use and ownership must concur to bring property within the terms of the statute creating an exemption. Theodore Durst was the owner of the property, which was improved with a two-story building. The Salvation Army, a corporation organized under the laws of this State, entered into a contract with Durst for the purchase of the property for $11,000, of which $1500 was paid when the contract was made. A note for $4500 was made payable on or before five years after date, and the purchaser agreed to assume a mortgage for $5000 and to pay all taxes subsequent to 1920. The contract contained the usual provision for forfeiture upon failure to make payments. The Salvation Army took possession and used the premises exclusively for religious purposes from and after February 21, 1921, and no portion was rented or income derived or proceeds obtained from any part of it. There is a room on the second floor occupied Friday nights by the boy scouts free of charge.

The question whether property is exempt from taxation depends upon the constitutional and statutory provisions in force at the time for which the exemption is claimed. The State's attorney relies upon a number of decisions of this court applying statutes requiring the two conditions of use and ownership to exist in order to exempt property from taxation, and if there has been no change in the statute in that regard those decisions are conclusive against the judgment in this case. To determine the question whether use and ownership must still concur it is necessary to state the constitutional provision, and the statutes enacted under it covering different periods.

Section 3 of article 9 of the constitution provides that property used exclusively for religious purposes may be

exempted from taxation by a general law, and the only condition prescribed is exclusive use for religious purposes. The constitution does not of itself exempt any property but permits the legislature to exempt by a general law such property as is specified therein. (*People* v. *Anderson,* 117 Ill. 50; *In re Walker,* 200 id. 566; *First Congregational Church* v. *Board of Review,* 254 id. 220.) The legislature in revising the statutes in 1874 exercised the authority conferred by the constitution by providing in section 2 of chapter 120 that property described in that section, to the extent therein limited, should be exempt from taxation, and the second paragraph was as follows: "All church property actually and exclusively used for public worship, when the land (to be of reasonable size for the location of the church building) is owned by the congregation." That statute limited the exemption to church property used for public worship and owned by the congregation. Accordingly it was held that property, to be exempt, must be owned by the church, congregation or society using the property for public worship. *People* v. *Anderson, supra; People* v. *Ryan,* 138 Ill. 263; *People* v. *Watseka Camp Meeting Ass'n,* 160 id. 576.

In 1905 the legislature amended section 2 exempting property from taxation, and the second paragraph as so amended was as follows: "All church property actually and exclusively used for public worship and all parsonages or residences actually and exclusively used by persons devoting their entire time to church work, when the said buildings and the land on which said buildings are located (said land to be of reasonable size for the location of said buildings) are owned by the congregation or the church authorities and not used for pecuniary profit." That statute was held beyond the authority of the legislature, so far as parsonages were concerned, because not within the terms of the constitution granting power to exempt property. (*People* v. *First Congregational Church,* 232 Ill. 158.) With

respect to church property that statute in terms required ownership by the congregation or the church authorities claiming the exemption, and exemption was denied because the prescribed condition did not exist when the lien for taxes attached. *People* v. *Ladies of Loretto,* 246 Ill. 403; *People* v. *Logan Square Presbyterian Church,* 249 id. 9.

In 1909 section 2 was again amended, and the second paragraph now reads as follows: "All property used exclusively for religious purposes, or used exclusively for school and religious purposes and not leased or otherwise used with a view to profit." Under the statute as so amended it was again held in *First Congregational Church* v. *Board of Review, supra,* that a parsonage is not exempt under the act, which it was said substantially follows the language of the constitution.

This review of the constitution and statutes demonstrates that the only constitutional limitation on the power of the legislature to exempt property used for religious purposes is that such use shall be exclusive, and ownership of the property is not a condition; that the Revised Statutes of 1874 and the act of 1905 added a condition of ownership by the party claiming the exemption, and that such condition was eliminated in the act of 1909. A test of exemption under the present statute is use and not ownership, and in such a case property is exempt although the legal title is in an individual. (*Scott* v. *Russian Israelites,* 59 Neb. 571; *Willard* v. *Pike,* 59 Vt. 202.) The conditions prescribed by the constitution and the act of 1909 were fulfilled in this case, and the property being within the terms of the constitution and statute, it was exempt.

The judgment is affirmed. *Judgment affirmed.*