BI-STATE DEVELOPMENT AGENCY, Plaintiff-Appellee, v. THE DE-
PARTMENT OF REVENUE, Defendant-Appellant.

Fifth District   No. 5—89—0230

Opinion filed November 20, 1990.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Jan E. Hughes, Assistant Attorney General, of Chicago, of counsel), for appellant.

David H. Bone, of Kassly, Bone, Becker, Dix, Reagan & Young, P.C., of Belleville, for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

Bi-State Development Agency (hereinafter Bi-State) is the product of a compact entered into between Illinois and Missouri in 1949. Bi-State is authorized to plan, construct, maintain, own and operate bridges, terminals, airports and terminal facilities. (Ill. Rev. Stat. 1989, ch. 127, par. 63r—1.) With regard to taxation in Illinois, all property owned or held by Bi-State shall possess the same tax status as any property owned or held by a city in Illinois. Ill. Rev. Stat. 1989, ch. 127, par. 63s—10.

Pursuant to its statutory authority, Bi-State owns the St. Louis Downtown Parks Airport, located in St. Clair County, Illinois. In 1984, Bi-State acquired a parcel of real estate adjacent to the airport and entered into a "Farm Operating License Agreement" (hereinafter Agreement) with Dan Trost, allowing Trost to farm the parcel. The agreement was for the period from September 28, 1984, to September 27, 1985, and from year to year thereafter unless otherwise terminated.

In August of 1986, Bi-State filed an application for property tax exemption for 1986 for the parcel of land owned by Bi-State and farmed by Trost. The Board of Review recommended that the Illinois Department of Revenue (hereinafter Department) approve a full exemption for the property. The Department denied the application for exemption on the basis that the property was not being put to an exempt use. An administrative hearing was then conducted, at Bi-State's request, and the administrative law judge acting on behalf of the Department issued a disposition finding Bi-State's interest in the parcel exempt from real estate taxes for 1986. In addition, the administrative law judge found that the agreement between Bi-State and Trost was a lease, and recommended that the value of the leasehold interest in the parcel be assessed to Trost for tax purposes for 1986.

Bi-State filed a complaint for administrative review with the circuit court, praying that the circuit court reverse the decision of the

Department insofar as the Department assessed a tax on the value of the leasehold interest held by Trost. On March 14, 1989, the circuit court entered an order reversing the decision of the Department issued by the administrative law judge and ordered the Department to approve the application for property tax exemption for the parcel. The Illinois Department of Revenue filed this appeal.

■ The Department's sole contention is that the circuit court's decision is void and should be vacated because the court lacked jurisdiction to hear the matter. Although prior to this appeal the Department did not object to the circuit court's authority to hear the case, objections to jurisdiction may be raised for the first time on appeal. (*Carillo v. Jam Productions, Inc.* (1983), 97 Ill. 2d 371, 376, 454 N.E.2d 649, 652.) We will, therefore, address the issue raised by the Department.

We begin our analysis of this question by asking whether the findings of the administrative law judge, acting on behalf of the Department, were final administrative decisions. Only a final administrative decision is subject to administrative review in our courts. (See Ill. Rev. Stat. 1989, ch. 110, par. 3—102; *Illinois Bell Telephone Co. v. Allphin* (1975), 60 Ill. 2d 350, 357, 326 N.E.2d 737, 741.) Determinations of finality, and thus of the court's subject matter jurisdiction to hear the matter, are specifically challenged here. See *City of Wood Dale v. Illinois State Labor Relations Board* (1988), 166 Ill. App. 3d 881, 885, 520 N.E.2d 1097, 1099.

Section 3—101 of the Code of Civil Procedure defines "administrative decision" or "decision" as "any decision, order or determination of any administrative agency rendered in a particular case, which affects the legal rights, duties or privileges of parties and which terminates the proceedings before the administrative agency." (Ill. Rev. Stat. 1989, ch. 110, par. 3—101.) Bi-State submits that the administrative law judge's decision regarding the agreement between Bi-State and Trost adversely affected the legal rights and duties of Bi-State's interest in the agreement. This, reasons Bi-State, clearly shows that the administrative law judge's decision was not a mere recommendation, but a final administrative order subject to judicial review. We disagree.

■ Section 14—1408 of the Illinois Income Tax Act expressly provides that the Illinois Administrative Procedure Act (Ill. Rev. Stat. 1989, ch. 127, par. 1001 *et seq.*) applies to all administrative rules and procedures of the Department of Revenue under the Illinois Income Tax Act. (Ill. Rev. Stat. 1989, ch. 120, par. 14—1408.) Administrative proceedings may be conducted by hearing officers who refer the case

for final determination to a board which has not "heard" the evidence in person. (*Homefinders, Inc. v. City of Evanston* (1976), 65 Ill. 2d 115, 128-29, 357 N.E.2d 785, 791.) Due process requirements are fulfilled where the hearing officer conveys his findings, conclusions and impressions of conflicting testimony, by either oral or written report, to the decision-making body. 1 Ill. L. & Prac. *Administrative Law & Procedure* §34 (1988); *Southern Illinois Asphalt Co. v. Environmental Protection Agency* (1973), 15 Ill. App. 3d 66, 80, 303 N.E.2d 606, 616, *aff'd* (1975), 60 Ill. 2d 204, 326 N.E.2d 406.

The record includes two documents which were submitted on behalf of the Department after the conclusion of the administrative hearing. The first is a one-page document with the Illinois Department of Revenue logo at the top, entitled "Hearing Disposition Property Tax Exemption." Bi-State Development Agency is named as the applicant, and the following is shown:

"_____ Approved for _____ % of year

_____ Approved for _____ % of property

___X___ Approved

_____ Disapproved"

At the bottom of the page is the signature of the administrative law judge George Nafziger. Also included at the bottom of the page is a signature in the space designated "Director," preceded by the word "Approved." The document concludes with the admonition, "This hearing disposition may be appealed to the circuit court of the county where the property is located, within 35 days from the date a copy of this hearing disposition was mailed."

Attached to this single-page document is a four-page document entitled "Recommended Disposition." Although not signed or dated, the document appears to have been prepared by the administrative law judge. In fact, the Department contends that this document is the recommended disposition of the administrative law judge, and Bi-State does not dispute that the document was prepared by the administrative law judge. After reciting what the administrative law judge believed to be the issues and findings of fact, the document concludes:

"I therefore recommend that the fee interest in St. Clair County parcel No. 01—36—0—300—021, owned by Applicant, be exempt from real estate tax for 1986, and that the value of the leasehold interest of Mr. Trost in said parcel be assessed to him for 1986."

We find that the recommendation as to Trost's tax liability included in the "Recommended Disposition" was only a recommendation, and not a final administrative decision.

■ "The Administrative Review Law itself contemplates some sort of adversarial process *involving the parties affected,* where a hearing on controverted facts is held, and ultimately a disposition is rendered by an impartial officer." (Emphasis added.) (*Taylor v. State Universities Retirement System* (1987), 159 Ill. App. 3d 372, 376, 512 N.E.2d 399, 402.) Trost was not a party to the administrative hearing, and the administrative law judge's finding could not serve as anything more than an informational recommendation to the Department. Since the administrative law judge's recommendation as to Trost's tax liability was not a final administrative decision, the circuit court lacked jurisdiction to consider the matter. Ill. Rev. Stat. 1989, ch. 110, pars. 3—102, 3—104; *Illinois Bell Telephone Co. v. Allphin* (1975), 60 Ill. 2d 350, 357, 326 N.E.2d 737, 741.

■ We also disagree with Bi-State's position that the circuit court had jurisdiction over the case because Bi-State was adversely affected by the Department's determination. A party seeking reversal has the burden of establishing prejudice. (*Cole v. Guy* (1989), 183 Ill. App. 3d 768, 777, 539 N.E.2d 436, 443; *Atkins v. Thapedi* (1988), 166 Ill. App. 3d 471, 477, 519 N.E.2d 1073, 1077; 3 Ill. L. & Prac. *Appeal & Error* §802 (1953).) As noted above, the "finding" as to Trost's tax liability was only a recommended disposition and not a final administrative determination. The Department's finding as to Bi-State's exempt tax liability status was a final decision. This decision was in Bi-State's favor; therefore, we are convinced that Bi-State was not prejudiced by the Department's hearing disposition.

In light of the foregoing, we vacate the decision of the circuit court.

Vacated.

RARICK and GOLDENHERSH, JJ., concur.