FAITH CHRISTIAN FELLOWSHIP OF CHICAGO, ILLINOIS, INC., *et al.*, Plaintiffs-Appellants and Cross-Appellees, v. THE DEPARTMENT OF REVENUE, Defendant-Appellee and Cross-Appellant.

First District (5th Division)  Nos. 1—91—1287, 1—91—1288 cons.

Opinion filed February 28, 1992.

Michael E. Papierski, of Michael H. Lurie, Ltd., of Chicago, for appellants.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Jan E. Hughes, Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE MURRAY delivered the opinion of the court:

This is an administrative review action in which plaintiffs, the Faith Christian Fellowship of Chicago, Illinois, Inc. (FCF), and the Colonial Bank and Trust Company, as trustee of trust number 872 (Colonial), appeal the circuit court's affirmance of a decision by the Illinois Department of Revenue (Department), which denied plaintiffs a property tax exemption for certain vacant lots used for parking by FCF's congregation. The Department also appealed a portion of the circuit court's decision and the appeals were consolidated.

The facts are not in dispute. FCF is a religious organization, incorporated in Illinois in January 1983 under the General Not For Profit Corporation Act (Ill. Rev. Stat. 1983, ch. 32, par. 163a *et seq.*). Commencing in June 1987 FCF leased from Colonial certain improved property, namely a two-story building located at 750 North Clark Street in Chicago, and three adjacent vacant lots, commonly known as 744-48 North Clark Street. According to the lease, FCF agreed to pay various amounts of rent over the life of the lease, as well as any property taxes which might be assessed against the four parcels.

In March 1988 FCF applied for a 1987 property tax exemption for the four parcels. Although the Board of Appeals of Cook County recommended that all four parcels be exempt from property taxes for the tax year of 1987, the Department granted FCF a property tax exemption only with respect to the building property and not with respect to the three vacant lots. FCF appealed the decision and a hearing was held before an administrative law judge.

The administrative law judge (ALJ) found that (1) the four parcels in question were owned by Colonial, for the use and benefit of George Apostolou, and that neither Colonial nor Apostolou was an exempt owner, (2) Colonial leased the parcels for profit to FCF, a religious organization, (3) FCF used the building property for religious purposes from June 1, 1987, through December 31, 1987, and (4) the vacant lots were used by FCF during that same period of time for parking in connection with FCF's religious use of the building property. Based upon these findings and relying upon sections 19.2 and 19.16 of the Revenue Act of 1939 (Ill. Rev. Stat. 1987, ch. 120, pars. 500.2, 500.16) and the case *Springfield Marine Bank v. Property Tax Appeal Board* (1970), 44 Ill. 2d 428, 256 N.E.2d 334, the ALJ concluded that none of the four parcels should be exempted from real estate taxes. The ALJ recommended that the Department deny FCF a tax exemption for the vacant lots and

that the building property be returned to the tax rolls for 1990. Following the decision of the ALJ, the Department notified FCF on August 29, 1989, that its application for a tax exemption for 1987 on the three vacant lots was disapproved.

FCF and Colonial then sought administrative review of the Department's decision pursuant to the Administrative Review Law (Ill. Rev. Stat. 1987, ch. 110, par. 3—101 *et seq.*). The circuit court, in a memorandum decision issued March 1991, affirmed the Department's decision as to the vacant lots, but went on to find that the decision with respect to the tax status of the building property was erroneous. It reversed and remanded the matter for an "accurate calculation of tax exemption for the time period of June 1, 1987 to December 31, 1987."

Plaintiffs appeal that portion of the order of the circuit court upholding the Department's determination as to the tax status of the vacant lots. The Department cross-appeals from that portion of the circuit court's order which deals with the tax status of the building property.

■ Section 19 of the Revenue Act (Ill. Rev. Stat. 1987, ch. 120, par. 500) states that "[a]ll property described in Sections 19.1 through 19.23—1, to the extent therein limited, is exempt from taxation." By virtue of section 19.2, the tax exempt status extends to "[a]ll property used exclusively for religious purposes, or used exclusively for school and religious purposes." (Ill. Rev. Stat. 1987, ch. 120, par. 500.2.) It is undisputed by the Department that under section 19.2, the taxable status of property is determined by its use, not by its ownership. Therefore, the Department admits that the building property, having been used by FCF for religious purposes, was tax exempt.

■ However, section 19.16 specifically addresses parking lots, stating that the tax exemption only applies to:

> "Parking areas, not leased or used for profit, when used as a part of a use for which an exemption is provided hereinbefore *and owned* by any school district, non-profit hospital or school, or religious or charitable institution which meets the qualifications for exemption." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 120, par. 500.16.

In reaching its decision that the vacant lots were not tax exempt, the Department followed the strict wording of the statutes cited above and determined that because the vacant lots were *used* by FCF as a parking lot but not *owned* by FCF, the property was not exempt from taxation. Although we feel that the result is un-

fair, we must agree with the Department that imposition of taxes on the vacant lots is in accordance with the law.

■■ As stated in *Northwestern Memorial Foundation v. Johnson* (1986), 141 Ill. App. 3d 309, 490 N.E.2d 161, "statutes allowing tax exemptions are to be strictly construed, and the burden is on the party claiming the exemption to show that the property falls within the statutory exemption." In this case FCF has not carried its burden of proving entitlement to the tax exemption. FCF does not dispute the fact that the vacant lots are not owned by them, but rather merely leased by them to be used for parking in connection with the adjacent church and school. Thus, the *Northwestern Memorial Foundation* case, cited to above and relied upon by FCF, does not support FCF's position. In fact, it supports the Department's position since it interprets section 19.16 as requiring that property used as a parking lot must not only be used by a tax exempt entity, but also owned by a tax exempt entity in order to qualify for a tax exemption.

As stated earlier, we sympathize with FCF. However, the imposition of taxes is not necessarily fair and a court must follow the voice of the law, which sometimes does not agree with the voice of reason. Therefore, regrettably, we must exhort FCF to follow the teachings of its biblical leaders and "render unto Caesar the things that are Caesar's."

■■ We now turn our attention to the cross-appeal in which the Department argues that the portion of the trial court's decision pertaining to the tax status of the building property should be vacated because the trial court had no jurisdiction to review that issue. We agree.

The Department correctly points out that its final decision issued to FCF on August 29, 1989, pertained only to the tax status of the three vacant lots for the tax year 1987. It did not adopt or make any reference to the ALJ's recommendation concerning the tax status of the building property. The final decision of the Department did not alter the tax status of the building property for the tax year 1987, nor did it address the recommendation that the property be returned to the tax rolls for the tax year 1990.

The Illinois Code of Civil Procedure provides that circuit courts have jurisdiction to review final decisions of an administrative agency. (Ill. Rev. Stat. 1989, ch. 110, par. 3—104.) A decision of a hearing officer is not final until affirmed in its totality by the agency. *Bi-State Development Agency v. Department of Revenue* (1990), 205 Ill. App. 3d 668, 563 N.E.2d 1154.

For the reasons stated above, this court affirms the portion of the circuit court's judgment relating to the tax status of the vacant lots for the tax year 1987. The portion of the circuit court's judgment relating to the tax status of the building property is stricken.

Affirmed in part; vacated in part.

McNULTY, P.J., and GORDON, J., concur.