VICTORY CHRISTIAN CHURCH *et al.*, Plaintiffs-Appellants, v. THE DEPARTMENT OF REVENUE, Defendant-Appellee.

First District (3rd Division)   No. 1—93—2143

Opinion filed June 15, 1994.

John W. Mauck, of Mauck, Bellande, Baker & Connell, of Chicago, for appellants.

Roland W. Burris, Attorney General, of Chicago (Mary E. Welsh, Assistant Attorney General, of counsel), for appellee.

JUSTICE CERDA delivered the opinion of the court:

This is an administrative action brought by plaintiffs, the Victory Christian Church (Victory Church) and the Colonial Bank and Trust Company, as trustee under trust number 872 (Colonial). After defendant, the Illinois Department of Revenue (the Department), denied plaintiffs a property tax exemption for 1990, the circuit court affirmed its decision. On appeal, plaintiffs assert that a lessee is entitled to a real estate tax exemption for property it uses exclusively for religious purposes.

The issue to be decided in this case is whether an owner who uses real estate for profit, but leases it exclusively for religious and school purposes, is entitled to a real estate tax exemption.

The facts are not in dispute. Victory Church is a religious organization that leases improved property from Colonial, whose sole beneficiary is George Apostolou. The property consists of a two-story building and three vacant lots used for parking. According to the lease, Victory Church agreed to pay $8,000 per month through May 1990, then $8,500 per month through the end of 1990. In addition, Victory Church agreed to pay any property taxes if its application for tax exemption was denied. All parties agree that the property was used exclusively for religious and school purposes.

In 1987, the property was exempt from real estate taxes, but in

1988, defendant granted a tax exemption for the building, but not for the parking lots. After plaintiffs appealed the administrative decision, the circuit and appellate courts ruled that the parking lots were not entitled to a tax exemption. See *Faith Christian Fellowship of Chicago, Illinois, Inc. v. Department of Revenue* (1992), 226 Ill. App. 3d 322, 589 N.E.2d 796.

In 1990, the building was returned to the tax rolls and plaintiffs applied for real estate tax exemptions. After a hearing before an administrative law judge, plaintiffs were denied exemptions on all parcels. Plaintiffs appealed the decision relating to the building, but have dropped their objection to the taxation of the parking lots and have paid the taxes due on those lots.

The trial court reversed the administrative judge's decision and granted a tax exemption for the building. Meanwhile, the second district rendered a decision in *American National Bank & Trust Co. v. Department of Revenue* (1993), 242 Ill. App. 3d 716, 611 N.E.2d 32, which ruled that property leased to a religious organization for profit was not exempt from taxation. On defendant's motion to reconsider, the trial court reversed its ruling and affirmed the denial of tax exemption for 1990.

We must decide whether property leased to a religious organization by a private, for-profit party and used for religious and school purposes is exempt from real estate taxes under section 19.2 of the Revenue Act of 1939 (Ill. Rev. Stat. 1989, ch. 120, par. 500.2 (now 35 ILCS 205/19.2 (West 1992))), which exempts the following kinds of property from real estate taxes:

"All property used exclusively for religious purposes, or used exclusively for school and religious purposes, or for orphanages and not leased or otherwise used with a view to profit ***." Ill. Rev. Stat. 1989, ch. 120, par. 500.2 (now 35 ILCS 205/19.2 (West 1992)).

Plaintiffs assert that the statute's language refers to the nature of the activities on the premises, not the ownership of the property. Plaintiffs argue that *American National Bank & Trust Co.* (242 Ill. App. 3d 716, 611 N.E.2d 32) ignored the supreme court's rationale in *People ex rel. Bracher v. Salvation Army* (1922), 305 Ill. 545, 548, 137 N.E. 430.

In response, defendant asserts that it is the property owner's use, not the lessee's use, that is dispositive. While legal ownership is not a test for exemption, defendant argues, leasing a property for profit precludes exemption even when the lessee uses the property exclusively for religious purposes. Defendant contends that the property is not tax exempt because its owner is a private entity that collects rent and is profit motivated.

For the reasons that follow, we affirm the circuit court judgment.

■ In determining whether property is included within the scope of a tax exemption, all facts are to be construed and all debatable questions resolved in favor of taxation. (*City of Chicago v. Illinois Department of Revenue* (1992), 147 Ill. 2d 484, 491-92, 590 N.E.2d 478.) There is a presumption that no exemption is intended and the party claiming the exemption has the burden of showing that the property clearly falls within a statutory exemption. *Village of Oak Park v. Rosewell* (1983), 115 Ill. App. 3d 497, 499-500, 450 N.E.2d 981.

In *Salvation Army* (305 Ill. at 548), the Illinois Supreme Court ruled that the Salvation Army was entitled to a tax exemption on property it was purchasing pursuant to a contract for sale and was using for an exempt purpose. The State's Attorney had argued that the Salvation Army was not the owner of the property and in order to be entitled to exemption, use and ownership must concur. The supreme court set out that the test for exemption is use and not ownership, and in such a case, property is exempt even though the legal title is in an individual. *Salvation Army*, 305 Ill. at 548.

■ Section 19.2 provides that property that is "leased or otherwise used with a view to profit" is not exempt from real estate taxes. (Ill. Rev. Stat. 1989, ch. 120, par. 500.2 (now 35 ILCS 205/19.2 (West 1992)).) Whether property is used for profit depends on the intent of the owner in using the property. *People ex rel. Goodman v. University of Illinois Foundation* (1944), 388 Ill. 363, 371, 58 N.E.2d 33; *American National Bank & Trust Co.*, 242 Ill. App. 3d at 724.

The reasoning in the case of *Childrens Development Center Inc. v. Olson* (1972), 52 Ill. 2d 332, is helpful. In that case the court stated:

"We likewise consider that it is the primary use to which the property is devoted after the leasing which determines whether the tax-exempt status continues. If the primary use is for the production of income, that is, 'with a view to profit,' the tax-exempt status is destroyed." *Childrens Development Center*, 52 Ill. 2d at 336.

■ This case indicates that before one looks to the primary use to which the property is used after the leasing, one must look first to see if the owner of the real estate is entitled to exemption from property taxes. If the owner of the property is exempt from taxes, then one may proceed to examine the use of the property to see if the tax exempt status continues or is destroyed.

In this case, the property is owned by George Apostolou and leased to Victory Church for a profit. In light of the presumption in favor of taxation, we conclude that the Department correctly found

that the property was not exempt from property taxes. To decide otherwise would allow any private property not entitled to exemption to become tax exempt merely by leasing it to a religious or school organization.

Based on the foregoing, we affirm the circuit court's judgment.

Affirmed.

TULLY, P.J., and RIZZI, J., concur.