IMMANUEL EVANGELICAL LUTHERAN CHURCH OF SPRINGFIELD, Plaintiff-Appellant, v. THE DEPARTMENT OF REVENUE, Defendant-Appellee.

Fourth District   No. 4—94—0382

Opinion filed November 8, 1994.

Harold M. Olsen, of Olsen & Olsen, Ltd., of Springfield, for appellant.

Roland W. Burris, Attorney General, of Chicago (Rosalyn B. Kaplan, So-

licitor General, and Mary E. Welsh, Assistant Attorney General, of counsel), for appellee.

JUSTICE LUND delivered the opinion of the court:

Plaintiff Immanuel Evangelical Lutheran Church of Springfield (Church) appeals from an order of the circuit court of Sangamon County, affirming the decision of defendant Department of Revenue (Department) in denying an exemption from real estate taxes for a parsonage where plaintiff's minister resides. We affirm.

In April 1991, plaintiff purchased the parsonage located seven or eight blocks from the Church. Plaintiff mortgaged the parsonage to the Lutheran Church-Missouri Synod. In June 1991, plaintiff entered into a contract for deed with plaintiff's minister, the Reverend Theodore Gall, and his wife. The Galls purchased the property for the same amount that plaintiff had paid. The contract required the Galls to assume liability for real estate taxes and required that the property be used as a parsonage. In the event the property was no longer used as a parsonage, or should Gall cease to be plaintiff's pastor, the Galls could pay the balance due on the contract and receive title, or plaintiff would reimburse them for their equity in the property (including any improvements made by them) and the property would revert to plaintiff.

Plaintiff applied for a property tax exemption under section 19.2 of the Revenue Act of 1939 (Act) (35 ILCS 205/19.2 (West 1992) (now 35 ILCS 200/15—40 (West Supp. 1993))), which was approved by the Sangamon County Board of Review. However, the Department denied the exemption on the basis that the primary use of the property was not religious, and it was not an exempt ownership or use. Plaintiff requested a hearing.

At the hearing before an administrative law judge (ALJ), Harvey Block, president of plaintiff, testified that plaintiff required Gall to live in the parsonage. Plaintiff does not pay Gall a housing allowance, as the purpose of the contract was to provide him with an equity in the property in lieu of paying a housing allowance.

Gall testified that he, along with his wife and son, lives in the house. He is required to live there, and the property is plaintiff's only parsonage. Payments on the contract are deducted from his paycheck and sent to the mortgagee. He pays all utilities, with no reimbursement from plaintiff.

The ALJ found that plaintiff purchased the property for the use and benefit of Gall and that he has an equitable ownership interest in the property. Based upon the authority of *Christian Action Ministry v. Department of Local Government Affairs* (1978), 74 Ill. 2d

51, 383 N.E.2d 958, Gall and his wife, for real estate tax purposes, are the owners and, since plaintiff was not the owner, the property did not qualify for the parsonage exemption.

Plaintiff filed an action in the circuit court for administrative review of this decision. The court affirmed the decision, finding that regardless of the ownership question, the property was not being used exclusively for religious purposes, as there is a personal financial benefit to Reverend Gall through building of equity in the property. Plaintiff now appeals this decision.

■ Statutes granting tax exemptions must be construed strictly in favor of taxation, and the party claiming an exemption has the burden of proving entitlement to the exemption by clear and conclusive evidence. (*Board of Certified Safety Professionals of the Americas, Inc. v. Johnson* (1986), 112 Ill. 2d 542, 547, 494 N.E.2d 485, 488.) Provisions granting exemption from taxation are to be strictly construed and all doubts are to be resolved in favor of taxation. *Rogers Park Post No. 108 v. Brenza* (1956), 8 Ill. 2d 286, 290, 134 N.E.2d 292, 295.

■ The scope of review by a circuit court under the Administrative Review Law (735 ILCS 5/3—101 *et seq.* (West 1992)), in reviewing factual findings of an administrative agency, is whether those findings were contrary to the manifest weight of the evidence. (*Coler v. Redd* (1981), 100 Ill. App. 3d 992, 995, 427 N.E.2d 622, 624; *American National Bank & Trust Co. v. Department of Revenue* (1993), 242 Ill. App. 3d 716, 721, 611 N.E.2d 32, 36.) However, where the facts are undisputed, as here, a determination of whether property is exempt from taxation is a question of law. See *City of Chicago v. Illinois Department of Revenue* (1992), 147 Ill. 2d 484, 491, 590 N.E.2d 478, 481.

■ Section 19.2 of the Act exempts from taxation the following property:

"All property used exclusively for religious purposes, or used exclusively for school and religious purposes *** and not leased or otherwise used with a view to profit, including all such property owned by churches or religious institutions or denominations and used in conjunction therewith as parsonages or other housing facilities provided for ministers ***, their spouses, children and domestic workers, performing the duties of their vocation as ministers at such churches or religious institutions ***." 35 ILCS 205/19.2 (West 1992).

■ Plaintiff argues on appeal that the exemption contained in section 19.2 is predicated upon use of the property exclusively for religious purposes, rather than ownership. It argues that with or

without the contract for deed, the use of the parsonage is the same and qualifies for exemption. However, plaintiff's argument is without merit.

Although the tax exemption is ordinarily available to property used exclusively for religious purposes without regard to ownership, the statute does require ownership, as well as exclusive use, for property used as parsonages or other housing facilities provided for ministers and their families. While there is very little case law on this subject, that which does exist supports the Department's position.

In the *American National* case, for instance, plaintiff church leased property which it used for religious purposes. One large building on the property was used for various religious activities, including church services. A part of the building was used by the pastor as a residence. A smaller building was used for storage, and congregation members used the parking lot while attending religious activities on the property. The Department denied a tax exemption for this property, finding the property was leased by the church from the owner for a profit, contrary to requirements of section 19.2 of the Act. The circuit court reversed this decision, and the Department appealed. The appellate court held the tax exemption had been properly denied by the Department. With regard to the parsonage, the court stated that even if the portion of the property used as a parsonage was used exclusively for religious purposes, it would not qualify for an exemption because it was not owned by a religious organization. In so holding, the court relied upon the wording of section 19.2, which states that property used exclusively by a religious organization for religious purposes is exempt from taxation " 'including all such property *owned* by churches.' " (Emphasis in original.) *American National*, 242 Ill. App. 3d at 723, 611 N.E.2d at 37, quoting Ill. Rev. Stat. 1989, ch. 120, par. 500.2.

Further, as the Department argues, granting a tax exemption to property used as a parsonage, but not owned by a religious organization, would mean that all privately owned property used as parsonages would qualify for an exemption. This would be contrary to the presumption in favor of taxation. *Cf. Victory Christian Church v. Department of Revenue* (1994), 264 Ill. App. 3d 919, 637 N.E.2d 463 (where the court held that property leased to a church by a private for-profit party and used for religious purposes was not exempt from taxation because of the profit motive, stating that to hold otherwise would allow any private property to become exempt by merely leasing it to a religious organization).

The final question in the instant case concerns who is considered the owner of the parsonage for real estate tax purposes. We conclude, based upon existing case law, that Gall and his wife, as contract buyers, are the owners of the property.

In *Christian Action Ministry,* the plaintiff, a charitable organization, purchased property on contract and used it for charitable purposes. Plaintiff made a substantial down payment on the contract and was responsible for real estate taxes. It sought tax exemption under section 19.7 of the Act (Ill. Rev. Stat. 1975, ch. 120, par. 500.7) (which required ownership as well as charitable use by the organization). The court held that plaintiff's status as contract buyer gave it an equitable ownership which justified making the property tax exempt. *Christian Action Ministry,* 74 Ill. 2d at 62, 383 N.E.2d at 964.

In *People v. Chicago Title & Trust Co.* (1979), 75 Ill. 2d 479, 389 N.E.2d 540, the supreme court held that beneficiaries of a land trust, rather than the trustee, were owners of property for real estate tax purposes, despite the fact that they held no legal title. In so holding, the court noted Illinois tax law has long recognized that ownership may be separated from title. The key elements of ownership are control and the right to enjoy the benefits of the property. *Chicago Title,* 75 Ill. 2d at 492, 389 N.E.2d at 545.

In the instant case, the contract required the Galls to maintain insurance on the property and to keep the property in good repair. They assumed responsibility for payment of real estate taxes assessed against the property from the date of the contract. They had the option to pay off the contract at any time and receive title to the property. In the event the property ceased to be used as a parsonage, or should Gall cease to be plaintiff's pastor, the Galls could pay off the balance of the purchase price and receive title to the property or relinquish the property to plaintiff and receive reimbursement of their equity and any improvements they had made. The contract clearly conferred incidents of ownership upon the Galls. We therefore hold that the Galls are owners of the property for real estate tax purposes and, for this reason, the property does not qualify under section 19.2 of the Act for a tax exemption.

The circuit court's affirmance of the Department's decision was based not upon the Galls' ownership of the property, but upon its determination that the property was not being used exclusively for religious purposes due to the personal financial benefit accruing to the Galls by accumulation of equity in the property. Our holding rests upon other grounds but, nonetheless, we affirm the circuit

court's decision. See *O'Loughlin v. ServiceMaster Co. Ltd. Partnership* (1991), 216 Ill. App. 3d 27, 39, 576 N.E.2d 196, 205.

Affirmed.

KNECHT and COOK, JJ., concur.