**David E. MILLER, Respondent,**

**v.**

**COMMISSIONER OF REVENUE, Relator.**

**No. C5-83-1515.**

Supreme Court of Minnesota.

Jan. 11, 1985.

Hubert H. Humphrey, III, Atty. Gen., C.H. Luther, Deputy Atty. Gen., Mary Magnuson, Law Clerk, Dept. of Revenue, St. Paul, for relator.

R.E.T. Smith, Wahpeton, for respondent; Fred Strege, Wahpeton, N.D., John D. Hagen Jr., Minneapolis, of counsel.

YETKA, Justice.

Relator Commissioner of Revenue seeks review by certiorari of a decision of the

Tax Court determining that the taxpayer was liable for use tax on machinery purchased in North Dakota and used in Minnesota, but reducing the amount of the commissioner's assessment. The taxpayer, David E. Miller, by notice of review, also challenges that determination. We affirm in part and reverse in part.

The taxpayer is a North Dakota resident who owns and farms land straddling the border of Minnesota and North Dakota; approximately 68 percent of his land lies in Minnesota. Between 1977 and 1980, Miller purchased farm machinery from a North Dakota retailer worth $756,891.58. He paid a 2 percent North Dakota sales tax on each purchase. Seven pieces of machinery purchased in North Dakota were never brought into Minnesota. Miller estimated that the remaining equipment was used 68 percent in this state, in direct proportion to the percentage of his total acreage which lies within Minnesota.

In 1982, the Commissioner of Revenue assessed Miller $38,282.23 for delinquent use tax, penalties and interest based on the total purchase price of all the equipment, subject to a credit for North Dakota sales tax paid. On Miller's appeal, the Tax Court substantially reduced the amount of the assessment, excluding the amount attributable to property never used in Minnesota and disallowing the penalty assessment. The commissioner does not contest those reductions. However, at issue is the court's recomputation of Miller's liability for property used part time in this state. The court allowed a pro rata reduction in use tax liability and a credit for sales tax paid to reflect the estimated proportional in-state use of the equipment and therefore assessed a 4 percent use tax on only 68 percent of the purchase price and credited only 68 percent of the 2 percent sales tax paid to North Dakota on those items. The commissioner contends on appeal that the court was without statutory authority to order pro rata reductions to reflect the measure of actual use within this state. We agree and reverse that portion of the Tax Court's decision.

Liability for use tax is triggered by any exercise of "the privilege of using, storing or consuming in Minnesota tangible personal property," Minn.Stat. § 297A.14 (1980), and, for the subject tax years, is imposed at "the rate of four percent of the purchase price." *Id.* Credit for sales tax paid to another state is "measured by the difference between the rate herein fixed and the rate by which the previous tax was computed." Minn.Stat. § 297A.24 (1980). These provisions contain no express authorization for the pro rata reduction afforded this taxpayer and the recomputation by the Tax Court may only be sustained if it may be determined that the legislature intended the term "using" to mean that liability may only be imposed to the extent of actual in-state use of the property.

While we have never construed the term in this context, courts of other jurisdictions have consistently held that any "exercise of a right or power incidental to ownership" within the state constitutes a use sufficient to impose full use tax liability, *e.g., Woods v. M.J. Kelley Co.,* 592 S.W.2d 567, 571 (Tenn.), *cert. denied,* 447 U.S. 905, 100 S.Ct. 2987, 64 L.Ed.2d 854 (1980); *Louisville Title Agency v. Kosydar,* 43 Ohio St.2d 109, 330 N.E.2d 899 (Ohio 1975); *Union Oil Co. v. State Bd. of Equalization,* 60 Cal.2d 441, 34 Cal.Rptr. 872, 386 P.2d 496 (1963), *appeal dismissed,* 377 U.S. 404, 84 S.Ct. 1629, 12 L.Ed.2d 495 (1964), even when the property is located and used within the state for only brief periods of the year. *Louisville Title Agency,* 43 Ohio St.2d 109, 330 N.E.2d 899 (property within state for 1 month); *Randall v. Norberg,* 121 R.I. 714, 403 A.2d 240 (1979) (yacht brought within state periodically for repairs, maintenance, supplies, and brief social visits); *Stetson v. Sullivan,* 152 Conn. 649, 211 A.2d 685 (1965) (yacht brought within state for 1 month). As the *Stetson* court noted in construing statutory language identical to the Minnesota provision, "[e]ven a very brief and limited use * * * is sufficient to justify the imposition of the tax." *Id.* 211 A.2d at 687. Not only is this reasoning persuasive, but this construction

also comports with the purpose for which use tax is imposed. By complementing the sale tax, the use tax eliminates incentive to make major purchases in states with a lower sales tax. *Minneapolis Star and Tribune Co. v. Minnesota Com'r of Revenue,* 460 U.S. 575, 581, 103 S.Ct. 1365, 1370, 75 L.Ed.2d 295 (1983). This purpose would be substantially frustrated if the allocation formula adopted by the Tax Court were allowed to stand.

The Tax Court relied on this court's decision in *Commissioner of Revenue v. Safco Products Co.,* 266 N.W.2d 875 (Minn.1978), for its result. In *Safco,* this court held that a sales tax exemption for property ultimately destined for out-of-state use was available in the same proportion for certain component costs. In that case, since 97.7 percent of the company's product was mailed to out-of-state customers, the court permitted the exemption to apply to 97.7 percent of component costs as well. The rule in *Safco* could plausibly apply in determining liability for use tax if, for example, property was purchased in a lot with only a portion of the property actually being used within the state. This is not such a case, however, because all of the property at issue here was used in Minnesota. Thus, the Tax Court's reliance on *Safco* was misplaced.

The taxpayer's challenge is that, unless the pro rata reduction is affirmed, the tax, as applied to him, places an impermissible burden on interstate commerce and is constitutionally infirm. However, liability for use tax, as measured by this court and by courts of other jurisdictions, has long been upheld by the United States Supreme Court against commerce clause attack since such liability only equalizes the positions of in-state and out-of-state purchasers. *Henneford v. Silas Mason Co.,* 300 U.S. 577, 57 S.Ct. 524, 81 L.Ed. 814 (1937); *see also Maryland v. Louisiana,* 451 U.S. 725, 101 S.Ct. 2114, 68 L.Ed.2d 576 (1981) (use taxes "equalizing" or "compensating" taxes redressing *intrastate* burden placed on in-state purchasers and manufacturers by sales tax). Moreover, we are persuaded

that the constitutional standards for state taxation of interstate commerce set forth in *Complete Auto Transit v. Brady,* 430 U.S. 274, 97 S.Ct. 1076, 51 L.Ed.2d 326 (1977), *reh'g denied,* 430 U.S. 976, 97 S.Ct. 1669, 52 L.Ed.2d 371 (1977), do not alter this result.

Affirmed in part, reversed in part.