[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the granting of an application by CT Page 11719 the Bridgeport Zoning Board of Appeals for a special exception on one piece of property and a variance on a contiguous piece of property, both in a A-Residence zoning district in the City of Bridgeport, in order to change an existing non-conforming use from general repairing of motor vehicles to retail sales of groceries and for a parking lot to serve said store on the contiguous property which had a residence thereon that. was demolished by the applicant.
The court heard testimony of Joseph McLaine, lessee of 1911-1915 Reservoir Avenue, Bridgeport, Connecticut and Derrel DeAngelis, Secretary of RENT-A-BENZ, INC., the corporation owning and the lessor of 1911-1915 Reservoir Avenue. The court finds that this property is within a radius of 100 feet of a portion of the land involved in the decision of the board and therefore the plaintiffs are aggrieved for the purposes of bringing this Appeal.
Section 8-7 of the Connecticut General Statutes states in part that when a variance is granted the zoning board of appeals will describe specifically the exceptional difficulty or unusual hardship on which its decision is based.
An examination of the application specifies the hardship as "existing non-conforming use not viable; need larger building and parking for grocery store."
An examination of the Board's Notice of Decision in the return of record gives three reasons for approval of the petition, none of which give a hint of what the exceptional difficulty or unusual hardship was that was the basis of approving 866 Reservoir Avenue located in an A-Residence Zone as a parking lot for a non-conforming use at 878 Reservoir Avenue.
A review of the record at the public hearing contains no evidence of exceptional difficulty or unusual hardship as to the use of 866 Reservoir Avenue for residential purposes. On the contrary the record shows said premises had been used for residential purposes until the structure thereon was demolished.
Variances should be granted only when in harmony with the general purpose and intent of zoning ordinances. Mere financial loss on disappointment in the use of property is not sufficient. Krejpcio v. Zoning Board of Appeals, 152 Conn. 651, 662 (1965). CT Page 11720
Section 8-6 of the Connecticut General Statutes provides that the zoning board of appeals shall have the power to determine and vary the application of the zoning regulations in harmony with their general purpose and intent with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured.
The court is unable to find in the record the conditions precedent to the Board exercising its power to grant a variance as provided in Section 8-6 of the Connecticut General Statutes. As to 866 Reservoir Avenue the only evidence is that it would enhance the non-conforming use of 878 Reservoir Avenue, but there is no evidence of exceptional difficulty or unusual hardship in the use of 866 Reservoir Avenue for residential purposes.
Thus the Board acted beyond the powers granted to it and therefore it acted in an illegal manner, as to its granting a variance for 866 Reservoir Avenue.
The Zoning Board's decision in approving the change in non-conforming use of 878 Reservoir Avenue was conditioned on the variance granted for 866 Reservoir Avenue and therefore the change in non-conforming use is also invalid.
The plaintiffs also seek two other requests for relief from this court. The first is an order barring the Board from further consideration of the petition of defendant Mahigel and an order declaring null and void Section 4 of Chapter 20 of the Bridgeport Zoning Regulations.
The court denies both of these requests for relies. The first is inappropriate in an administrative appeal and the second has not met the necessary conditions for a declaratory judgment.
The court, having found the acts of the Zoning Board of Appeals to be without authority in this case and therefore illegal, sustains Plaintiffs' Appeal. CT Page 11721
STODOLINK, JUDGE