[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION STATEMENT OF CASE
Nicholas F. Serignese submitted a request to the Zoning Board of Appeals of the Town of Bolton for a variance from the strict application of the requirements of Sections 6 A.11 in order that he might keep two male lamas on his wife's property located at 14 Elizabeth Road in Bolton, Connecticut. Following a hearing on October 17, 1991 the Zoning Board of Appeals granted the request with six conditions. The Board specifically found "The hardship was based on the requirements of 6 A.11 are excessive for lamas."
The Plaintiff's Michael Zarolinski and Delores Zarolinski have appealed to this Court claiming that the granting of the variance was illegal, invalid and void because there was insufficient evidence to show exceptional difficulty or unusual hardship with respect to this property, or to show an unreasonable hardship which was not of the applicants making.
AGGRIEVEMENT
At trial, the Plaintiff introduced Plaintiff's Exhibits 1, 2 and 3 without objection. Plaintiff's Exhibit 1 is a warranty deed by which Paula G. Serignese acquired title to the property on which the lamas are being kept. Plaintiff's Exhibit 2 is a warranty deed to the adjoining property belonging to the Plaintiffs, Edward M. Zarolinski and Delores A. Zarolinski. Plaintiff's Exhibit 3 is a copy of the subdivision map entitled "Final Plot Plan Fiano Heights Section III prepared for Lawrence F. Fiano Birch MTN. and Colti RDS Bolton, Conn." That map establishes that the properties of the Plaintiffs and Defendants are adjacent, one to the other. Accordingly, the Court finds that the Plaintiffs are aggrieved parties. The Court notes that while the Serignese property is in Paula's name neither side questioned Nicholas's right to apply for the variance. Accordingly, the Court has assumed that Nicholas had standing to apply for the variance. CT Page 205
FACTS
Paula Serignese maintains two male lamas on the subject property in a residential area of the Town of Bolton. On August 26, 1991 the Zoning Enforcement Officer of the Town issued a Cease and Desist Order. The basis of that Order was that lamas were "livestock similar to a horse or pony in size and activity and that their keeping in a residential zone was prohibited under the Bolton Zoning Regulations." On September 27, 1991 the Defendant appealed the Zoning Enforcement Officers action, stating that lamas were "pets" and therefore not regulated by the Zoning Regulations concerning livestock. On October 18, 1991 the Defendant filed a further application for a variance relative to Section 6 A.11 of the Regulations.
At a meeting in early December of 1991 the Zoning Board of Appeals first considered whether the Zoning Enforcement Officer was correct in ordering the Defendant to Cease and Desist in keeping the lamas and secondly considered whether or not a variance was appropriate. The minutes of that meeting show:
 "J. Robbins: Okay. The motion has been made to sustain the Cease and Desist Order issued by the Zoning Enforcement Officer with regard to the subject lamas on property at 93 Birch Mountain Road and 11 Elizabeth Drive. The Motion was made by Mr. Hoffman and seconded by Mr. Audette. Is there any discussion? All in favor say I Board: I. J. Robbins opposed? Carried five to nothing."
The minutes continue:
 "H. Kelsey: I move to grant an area variance under the following circumstances; A) The fence line at Elizabeth Drive will have a fence set at the 35 foot building line. Along the street fenced with evergreen hedge. B) The fencing will not be electric. C) 14 Elizabeth Drive and 93 Birch Mountain Road will be brought under one deed. Address being 93 Birch Mountain Road. D) An eight foot side yard variance will be allowed on all sides to allow for fencing at 32 feet from the CT Page 206 property line. E) A 95 foot set-back variance on Elizabeth Drive will be granted. F) A maximum of two gelded male lamas will be allowed. . . . .H. Kelsey, yes. A hardship will be based on the fact that the requirements of 6 A.11 are excessive for the needs of lamas, therefore, we grant it.
 J. Robbins: Mr. Kelsey has made a motion to grant the variance as read. And the map. This marked up map is a part of the motion and shows the dimensions on the plan as Mr. Kelsey described. Is there a second on that?
J. Hoffman: I second it."
The motion made by Mr. Kelsey and seconded by Mr. Hoffman to grant a variance because the requirements of 6 A.11 were a hardship when applied to lamas was carried unanimously and the variance was granted.
HOLDING OF THE COURT
The Court does not question that the Zoning Commission of the Town of Bolton acting pursuant to Section 8-2 could change the Bolton Zoning Regulations so as to make it easier to maintain lamas in residential zones in the Town of Bolton. The power and authority of the Zoning Commission to ease lama regulations is not before the Court in this case.
The Zoning Board of Appeals for the Town of Bolton, like all Connecticut Zoning Boards of Appeals established pursuant to Section 8-6 of the General Statutes has three similar but distinct duties.
The Section provides in pertinent part:
 "The Zoning Board of Appeals shall have the following powers and duties: (1) To hear and decide appeals where it is alleged that there is error in any order, requirement or decision made by the official charged with the enforcement of this chapter or any by-law, ordinance or regulation adopted under the provisions of this chapter; (2) To hear and decide all matters and special exceptions under Section 8-2g upon which it is CT Page 207 required to pass by the specific terms of the zoning by-law, ordinance or regulation; and (3) To determine and vary the application of the zoning by-laws, ordinances, or regulations in harmony with there general purpose and intent and with due consideration for conserving the public health, safety, and convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such by-laws, ordinance or regulation would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured, . . ."
In the instant case the Plaintiff asked the Zoning Board of Appeals to find error in the Cease and Desist Order of the Zoning Enforcement Officer. The Zoning Board of Appeals refused to find such error but rather specifically affirmed the Cease and Desist Order which had been issued by the zoning Enforcement Officer. No Appeal has been taken from the action of the Zoning Board of Appeals in affirming the zoning Enforcement officer. Because the Zoning Board of Appeals has affirmed the Zoning Enforcement Officer without appeal to this Court, questions concerning the classification of lamas as "livestock" or "pets" are not before the Court. While the trial court has some reservations about the ability of the Zoning Board of Appeals to interpret the existing Zoning Regulations so as to allow the keeping of lamas on the Defendant's property the Court recognizes that:
 "the trial court, therefore, may not substitute its judgment for that of a local zoning authority's decision where honest judgment has been reasonably and fairly exercised after a full hearing. Horn v. Zoning Board of Appeals, 18 Conn. App. 674, 676-677
(1989).
In the instant case, since no appeal was taken from the Enforcement Officer's Cease and Desist Order and since there is no argument concerning a special permit the authority of the Zoning Board of Appeals conferred upon it by sections8-6(1) and 8-6(2) are not before the Court. CT Page 208
The Court's sole function in the instant case is to determine whether the record justifies a variance in accordance with the authority conferred on the Zoning Board of Appeals by Section 8-6(3).
One of the functions of the Board is to put elasticity into the Zoning Ordinance by granting variances. However, such power should be used sparingly, Berlani v. Zoning Board of Appeals, 160 Conn. 166, 170 (1970), and only be exercised in cases of exceptional hardship, the existence of which is a condition precedent to the granting of a variance. Point O'Woods Association v. Zoning Board of Appeals 178 Conn. 364,368 (1979). Variances should be granted only when in harmony with the general purpose and intent of the zoning Ordinances. Mere financial loss or disappointment in the use of the property is not sufficient. Krejpcio v. Zoning Board of Appeals, 152 Conn. 651, 662 (1965).
The Plaintiffs appear to argue that the variance before the Court is improper because the hardship complained of is self created by reason of the property owner bringing the lamas to the property. The Court does not agree that this is a self-created hardship. However, the Court does find that this is not the type of hardship for which the Zoning Board of Appeals may grant a variance. To support the granting of a Zoning variance the hardship must arise from conditions different in kind from those generally affecting properties in the same zoning district. Stillman v. Zoning Board of Appeals of the Town of Redding, 25 Conn. App. 631, 636
(1991). cert. denied, 220 Conn. 293.
The simple fact in the instant case is that the Zoning Board of Appeals has found that the existing Zoning Ordinance as applied to the keeping of lamas is unduly strict. If this finding were made by the Zoning Commission it might lead the Commission to rethink its regulations with regard to the keeping of "livestock" and "pets." However, the very reason given for the granting of the variance "a hardship will be based on the fact that the requirements of Section 6 A.11 are excessive for the needs of lamas" is contrary to the specific language of 8-6(3) which allows a variance when there is a hardship "owing to conditions especially effecting such parcel but not effecting generally the district in which it is situated . . . . ." Whether or not the regulation in question CT Page 209 is excessive for the needs of lamas, the Court is unable to find any "conditions especially affecting" this parcel and the Court is likewise unable to find that a literal enforcement of the regulation "would result in an exceptional difficulty or unusual hardship."
While the Court recognizes the good intentions of the ZBA in granting the variance, the Court, after a hearing on the matter, finds no unique hardship especially affecting the Serignese property and accordingly reverses the granting of the variance. In accordance with the provisions of Section 8-8(6) costs shall be allowed against the Board in this case.
BY THE COURT,
Kevin E. Booth Judge, Superior Court