[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Rodney Viccari, filed this appeal under General Statutes § 12-422 from the decision of the defendant, Commissioner of Revenue Services ("the DRS") imposing a use tax[1], interest and penalty on a 1990 Post Sportfish 46' vessel named Sea Owl VII ("the boat"). The plaintiff, as owner of the boat, claims that he does not owe a use tax under the facts as developed at trial.
The court conducted a trial in this matter on December 1, 2000. From the evidence and exhibits presented, the court makes the following findings of fact, de novo. Jones v. Crystal, 242 Conn. 599, 602 (1997).
 1. The plaintiff is a Connecticut resident, currently residing in Greenwich, and in December 1993, in Stamford.
CT Page 12361
 2. The boat was purchased on December 6, 1993 in the state of New York and brought by the plaintiff to Rhode Island where it was registered. Rhode Island exempts collection of sales and use tax for boats docked in Rhode Island, but the plaintiff stated that he was unaware of this exemption.
 3. The plaintiff owned, before, at the time of, and after the purchase of the boat, and continuing to the present, a dock at the Palmer Point Marina in Cos Cob, Connecticut, slip E-5.
 4. The plaintiff has owned six other boats. He continues to own one other beside the boat in question, a Yamaha, which is kept at his dock in Greenwich. The plaintiff paid Connecticut sales tax on each of these other boats.
 5. The plaintiff stated that he did not intend to leave the boat in Connecticut because it was to be used as a fishing boat, in contrast to the six other boats he had owned as pleasure boats. As a fishing boat, the boat was designed to take on a fish cargo and was also intended to motor out to the ocean, something that would be undertaken more efficiently from Rhode Island, not Connecticut.
 6. The boat was used in Rhode Island and New York waters in season and was docked in the off-season in New York between 1993 and 1995.
 7. After another summer season in New York and Rhode Island, in August 1996, the plaintiff decided to take the boat to Florida for the winter months. On September 1, 1996, while traveling south on board the boat in Long Island Sound, the plaintiff experienced the failure of one engine.
 8. The plaintiff telephoned the Palmer Point Marina in Cos Cob, Connecticut and made arrangements to bring the boat in for repairs.
 9. These repairs took place between September 1 and September 5, 1996; when the repairs were completed, the plaintiff continued to Florida for CT Page 12362 the winter season.
 10. The plaintiff returned from Florida in May, 1997; he navigated the boat to Rhode Island, traveling through New York waters, had repairs made in New York, and made use of the boat in Rhode Island.
 11. While en route from Florida, the plaintiff refueled his boat in Greenwich.[2]
 12. An inspector for the DRS spotted the boat at the Palmer Point Marina while the boat was being repaired in September, 1996.
 13. The DRS informed the plaintiff that a use tax was due. A protest was submitted by the plaintiff. On July 8, 1998, this protest was rejected, based upon the plaintiff's residency, ownership of a dock in Connecticut at the time that the boat was purchased and the use of the vessel in Connecticut at such dock. The presumption of General Statutes § 12-411 (13) that property brought into the state was purchased for use in the state had not been overcome. This conclusion was not based upon all the evidence adduced at trial, but only on limited evidence submitted to the DRS.
 14. The DRS assessed a tax of $12,900 against the plaintiff as well as a penalty and interest. The latest calculation of the total due is $26,799.75 as of November 30, 2000.
The issue is whether the DRS' imposition of the use tax of § 12-411
is warranted on these facts.[3] There have been two prior cases involving boats to reach our Supreme Court. In the first case, the Court set forth the "three conditions [that] must exist to create taxability. First, there must be a purchase of tangible personal property; second, the purchase must have been made for the purpose of storage, use or other consumption in this state; and, third, there must have been such storage, use or other consumption." Stetson v. Sullivan, 152 Conn. 649,653 (1965). Accord: Magic II, Inc. v. Dubno, 206 Conn. 253, 256, cert. denied, 488 U.S. 819, 109 S.Ct. 59, 102 L.Ed.2d 37 (1988). The burden is on the plaintiff taxpayer to "prov[e] an error in a deficiency assessment." H. B. Sanson, Inc. v. Tax Commissioner, 187 Conn. 581, 586
(1982). CT Page 12363
As in Stetson, there is no doubt about the existence of the first element, nor does either party contest that the plaintiff, a Connecticut resident, purchased the boat in New York state. The plaintiff contests the third element — actual use in Connecticut, but here he is on weak factual ground. At least twice — in September 1996 and May 1997 — the plaintiff took his boat into Connecticut. Admittedly, these were short periods. But, as the court in Stetson stated: "Even a very brief and limited use . . . is sufficient to justify the imposition of the tax." Stetson v. Sullivan, supra, 152 Conn. 654. See also MagicII, Inc. v. Dubno, supra, 206 Conn. 259 ("An extremely limited use is sufficient to constitute a "taxable use' under the use tax.")
The plaintiff is on stronger ground on the issue of his intent at the time of purchase. In Stetson "[t]he controlling factor indicating the existence in the plaintiff's mind of such an intent is the registration of the boat, one day after its purchase, in the port of New London upon an application signed by the plaintiff himself. It is specifically found that this registration `would indicate that principal usage would be Connecticut.' The finding must stand, and it furnishes ample support for the conclusion that the plaintiff purchased the boat for use in Connecticut, whatever may have been his intention concerning usage outside this state." Stetson v. Sullivan, supra, 152 Conn. 653.
In Magic II, "[t]he plaintiff purchased the yacht from a retailer with the intent of using it in [Connecticut]. Owen's testimony at the hearings before the trial court and the deputy commissioner clearly show that he intended to use the yacht in Connecticut when he purchased it. He so testified in the hearing before the deputy commissioner. This intent, by the plaintiff's sole director and president, is that of the corporation."Magic II, Inc. v. Dubno, supra. 206 Conn. 259.
Also relevant on the issue of intent is a case from Massachusetts,Towle v. Commissioner of Revenue, 397 Mass. 599, 492 N.E.2d 739 (1986). Towle, a resident of New Hampshire, purchased a sailboat in Connecticut on May 3, 1982. He brought the boat into Massachusetts in June, 1982 and both used and stored the boat in Massachusetts until May, 1983, until the Commissioner of Revenue assessed a use tax against him. The Supreme Judicial Court sustained the assessment of the use tax, rejecting Towle's arguments as follows:
 Evidence before the board indicated that the taxpayer purchased the sailboat in Connecticut and did not pay sales tax to any jurisdiction. Within the first two months of purchasing the sailboat, the taxpayer brought the sailboat into Massachusetts and proceeded to store or use the sailboat within Massachusetts for CT Page 12364 the next several months. . . . Presumably, the commissioner was not persuaded by the taxpayer's evidence that, in bringing the sailboat into Massachusetts, his intention was to transport the sailboat outside Massachusetts at a future date "for use thereafter solely outside the commonwealth." During the time the sailboat was stored in Massachusetts, the taxpayer used the sailboat in the Commonwealth and did not take any action indicative of an intent to transport the sailboat elsewhere for use solely outside the Commonwealth. In fact, the taxpayer moved the sailboat outside the Commonwealth only after the use tax was assessed on the sailboat.
Towle v. Commissioner of Revenue, supra, 492 N.E.2d 743.
Here, in contrast, the plaintiff testified of an intent not to bring the boat to Connecticut at the time of purchase and in fact did not use the boat in Connecticut until almost three years after the purchase (and for limited purposes at that time). This lack of immediate use in Connecticut is important. As the court in Western Contracting Corporationv. Iowa State Tax Commission, 112 N.W.2d 326, 328 (Iowa 1961), stated in a use tax decision: "[T]he greater the lapse of time after purchase the weaker the inference that it was purchased with such an intent."
The DRS does not rely upon direct evidence of the plaintiff's intent. It argues that the boat must have been purchased for use in Connecticut because the plaintiff had purchased six other boats and paid the Connecticut sales tax. It attacks the distinction made by the plaintiff between pleasure boats and fishing boats. The DRS claims that the true intent of the plaintiff at purchase was to use the dock that he owned in Greenwich, as he had with the other boats. The DRS also raises as the true reason for the Rhode Island registration that Rhode Island had stopped assessing sales tax on boat owners who registered in Rhode Island; the DRS had its agents investigating such scofflaws.[4]
Finally, the DRS notes the inconsistencies between the plaintiff's statements in earlier proceedings and at trial. The plaintiff did not disclose until trial that he had wintered the boat in New York prior to 1996; he did not disclose that his wintering in Florida was only in 1996. To the DRS this means that there was no fixed place for the boat, except his Greenwich dock, conveniently located near his Connecticut home.
Thus, the DRS' evidence depends, as it states, on an argument drawn from "common sense." The court, however, is reviewing this matter denovo, and must consider the facts as found after the trial. Even the DRS' CT Page 12365 witness contrasted what was in the DRS files at the time of the assessment with the facts as developed at trial: "So had there been. . . . stronger evidence supporting that . . . the boat, in fact, was moored permanently in another state . . . certainly it would weigh heavy." (Testimony of Stephen Kuraska, 12/1/00 Trial Transcript, p. 106.)
The DRS' witness was asked by the court about a situation where an automobile is brought into the state (assuming the owner lived in Greenwich) merely for repair. He answered: "Right. I think we would look at the same type of facts. There's intent. There's a home. So you certainly intend to come here. Now to rebut that presumption, I would say if the person said I have three other cars registered in Connecticut for my use here. Those are what I use here. This car just simply passed through. Then they — that may be persuasive, and they've rebutted the presumption." (Testimony of Stephen Kuraska, 12/1/00 Trial Transcript, p. 107.) Here, there was evidence that the taxpayer had previously stored boats in Connecticut and currently had a boat at his dock. He had paid state sales tax on these boats.
Based on the statements of the taxpayer and the documentary evidence[5], the court concludes that the plaintiff did not have the intent to use the boat in Connecticut. Therefore, the plaintiff has met his burden of establishing that one condition for the imposition of the use tax has not been met.
Accordingly, the plaintiff's appeal is sustained. Judgment may enter in favor of the plaintiff, without costs to either party.
Henry S. Cohn, Judge